## SHARP v. PALMER.

1. The only allegation as to disposition of crop in an affidavit upon which a warrant issued to enforce an agricultural lien, was "that the said P is about to sell and dispose of his said crop subject to said lien and to defeat the same." *Held*, that this was insufficient to authorize the issue of a warrant of seizure, as no fact is stated upon personal knowledge or information and belief, with the sources of information disclosed.

2. How far the practice under warrants to seize crops should conform to the practice in attachment proceedings, and the difference in the requirements of law as to the affidavits in these two proceedings, considered.

3. On a motion to set aside a seizure of crops on the ground that the affidavits were insufficient to justify the clerk in issuing his warrants, facts submitted to the court at the hearing of the motion in the form of additional affidavits, cannot be considered.

4. There is no law requiring the sureties to justify when a bond is given by the lienee under an agricultural lien at the time that he obtains a warrant of seizure. Rule 66 of the Circuit Court Rules does not apply, nor have the convention of judges any authority to prescribe rules to govern a special statutory jurisdiction conferred upon the clerk of court.

5. The clerk of court having accepted a surety on a bond as sufficient, and the Circuit Judge having disregarded an affidavit submitted to him declaring that such surety was insolvent, this court cannot pass upon this question of fact.

6. The law does not require copies of the affidavits and warrant to be served upon the lienor in such a proceeding.

7. Whether the warrant was improvidently issued involved a question of fact which cannot be considered in this court.

Before Fraser, J. Anderson, February, 1889.

Motion to vacate warrant of seizure for crop rents issued by W. K. Sharp against P. B. Palmer. The appeal was from the following order refusing the motion:

This case came before me at the term of the court held in February, 1889, on a motion to quash or set aside a warrant issued by the deputy clerk to foreclose a lien for rent. I will consider the grounds on which this motion is made in the order in which they are stated in the notice of the motion.

1. The affidavit on which the warrant was issued states positively that the defendant "is about to sell and dispose of said crops subject to said lien and to defeat the same." The whole crop—every ear of corn, or blade of fodder, or lock of cotton—is subject to the lien, and any selling or disposition of any part of it, however small, is to that extent to *defeat the lien*, and is of itself in derogation of plaintiff's rights without any intent to defeat the payment of the *debt* or *duty* secured by the lien. It is an act not to defeat the debt or duty, but the lien, which gives the right to issue the warrant. In cases of attachment, where the fraudulent intent is the ground on which it is issued, it will be necessary to state positively in the affidavit the facts from which the fraudulent intent may be inferred. It is not necessary in general to state the *probative facts* even in New York, where the facts showing the fraudulent intent must be shown. Ordinarily it is sufficient to state the *ultimate* facts in the words of the statute. See *Wade on Attachments*, § 59. There are very few facts to which witnesses are called on to testify that are not to some extent inferences, and here the statement is positive and in the words of the statute. I think them sufficient.

2. This seems to be included in the first exception or ground of notice, as no other defect has been called to my attention.

3 and 4. The bond seems to be in proper form, with one surety, who did not justify. If the convention of judges had any right to prescribe rules to govern the clerk or trial justice

in the exercise of the special jurisdiction under the lien laws, I do not think they have undertaken to do so. The rule of court on this subject does not apply in these cases. It was stated in argument by counsel, that the surety at the time the bond was executed was insolvent. This is not one of the grounds of the motion as stated in the notice, and there is nothing in the affidavits on the subject. The bond is *prima facie* sufficient.

5. It is very clear from the affidavits that the defendant did gather and use for himself some of the corn, and this seems not to be denied. This is of itself in violation of the rights of the plaintiff, and gives the right to issue the warrant. It may be a hard construction of the law, but such I take it to be. Its purpose is to give or create a credit by a lien capable of stern enforcement, and promptly.

6. I see nothing in the act which requires a copy of such warrants to be served. They are in the nature of final process, and of these no copies are ever served on the defendant. Attachments are mesne process, and copies are necessary.

For these reasons, very briefly stated, I do not see my way clear to set aside the warrant and the proceeding thereunder.

It is therefore ordered and adjudged, that the motion to set aside the warrant and the levy made thereunder be dismissed with costs.

*Mr. G. E. Prince*, for appellant.

*Mr. J. L. Tribble*, contra.

October 19, 1889. The opinion of the court was delivered by

MR. JUSTICE McIVER. The plaintiff claiming to have, as landlord, a statutory lien on the crops of his tenant, the defendant, to secure the payment of rent, procured from the clerk of the Court of Common Pleas a warrant, based upon an affidavit, a copy of which is set out in the "Case," for the seizure of said crops, at the same time executing a bond, as required by the act of 1885 (19 *Stat.*, 429). with surety, but neither the plaintiff nor his surety were required to justify. Under this warrant the sheriff seized a portion of the crops made by defendant. There-

upon the defendant, upon due notice, made a motion based upon the original papers and affidavits attached, before his honor, Judge Fraser, to vacate said warrant and set aside the levy on the crops, upon certain grounds specified in the notice.

This motion having been refused, defendant appeals substantially upon the following grounds: 1st. Because of error in holding that the affidavit upon which the warrant was issued, was sufficient. 2nd. Because of error in holding that the bond executed by plaintiff was sufficient. 3rd. Because of error in holding that it was unnecessary to serve defendant with copies of the warrant and affidavit upon which it was based, at the time the crops were seized. 4th. Because of error in not holding that the warrant was improvidently issued.

As to the first ground. The defect in the affidavit relied on is that there is no *fact* stated therein tending to prove to the satisfaction of the officer issuing the warrant, that the lienor is about to sell or dispose of his crop, or is in any other way about to defeat the lien; but, on the contrary, the statement therein is nothing more than a statement of plaintiff's *belief* that such is the fact, unaccompanied by any facts or circumstances calculated to generate such a belief. The only statement in the affidavit as to this point is in the following words: "That the said P. B. Palmer is about to sell and dispose of his said crop subject to said lien, and to defeat the same." So that the precise question for us to determine is, whether such a statement is sufficient to authorize the officer to issue the warrant.

This being, like an attachment, a special statutory remedy, stringent and summary in its character, it is incumbent upon one who seeks the benefit of it, to pursue strictly the statutory requirements. To enable one to obtain the benefits of this remedy, the act requires (*Gen. Stat.*, § 2398) that he "shall prove, by affidavit, to the satisfaction of the clerk * * * that the person 'giving the lien' is about to sell or dispose of his crop, or in any other way is about to defeat the lien ;" and the legislature, manifestly for the purpose of making this requirement more specific, has, by the act of 1885 (19 *Stat.*, 429), amended that section by adding thereto a provision "that the affidavit * * * shall conform, as nearly as may be, to the practice regulating the issuing

of warrants of attachment;" and by declaring that the person
against whom a warrant to enforce a lien has been issued, may
move "to vacate said warrant of seizure for any of the causes
which would be sufficient to vacate a warrant of attachment."

The sufficiency of this affidavit must therefore be tested by in-
quiring whether the statement above copied from the affidavit in
this case, would be sufficient to authorize the issuing of a warrant
of attachment, provided the other requirements for that purpose,
with which we are not now concerned, have been complied with.
The practice regulating the issuing of warrants of attach-
ment, in so far as it concerns the nature of the affidavit required,
has been considered and determined in many cases, only a few
of which will be cited.    From the case of *Smith & Melton* v.
*Walker* (6 S. C., 169), which is the first case under the present
attachment act, down to the case of *Wando Phosphate Co.* v.
*Rosenberg* (*ante* 301), it has been uniformly held that an affida-
vit, stating the facts relied upon merely on information and be-
lief, without disclosing the sources of information and grounds of
belief, is insufficient to authorize the issuing of a warrant of at-
tachment.    In *Myers* v. *Whiteheart* (24 S. C., at page 202), it
was said : "The allegation that a person has done a certain act
with a fraudulent intent, must necessarily be based upon infor-
mation or belief, and therefore in such a case the rule is well set-
tled that the sources of information, or the facts upon which such
beliefs are founded, must be stated."

The reason is that a person's intent can only be learned either
from his acts or declarations, and therefore to show such intent,
it is necessary to state the acts or declarations indicative thereof.
As we understand it, this may be done either by affiant alleging
positively as of his own knowledge, that such acts have been done
or declarations made, or by stating that he is informed by a de-
signated person that he saw such acts done, or heard such declar-
ations made, and that affiant believes, from such information, the
charge which he makes in his affidavit.    We do not understand,
as may possibly be supposed from expressions used in some of
the cases, that a person desiring to procure a warrant of attach-
ment, is bound to wait until he can procure the affidavits of the
persons who actually saw the acts done, or heard the declarations

made, which constitute the grounds of his belief; but upon his own affidavit, stating upon information and belief the facts upon which he relies, and giving the name of his informant, he may obtain the warrant, because he thereby furnishes to the officer to whom the application is made the evidence which will *prima facie* prove the facts relied on, which, though not his own evidence, would be the evidence of a witness competent to prove such facts. We therefore fully endorse the remarks made by Mr. Justice McGowan (though with some hesitation) upon this subject in the recent case of *Roddey* v. *Erwin, ante* 36.

This being the settled rule as to the requisites of an affidavit to procure a warrant of attachment, we find that it has been recognized and acted upon in the only cases (*Monday* v. *Elmore,* 27 S. C., 126, and *Baum* v. *Bell,* 28 *Id.*, 201) which have arisen under the lien law since the passage of the act of 1885, above referred to, with the distinction so clearly pointed out by the Chief Justice in *Monday* v. *Elmore,* growing out of the fact that, under the attachment act, the mere sale or disposition of property does not authorize the issuing of an attachment, but the sale or disposition must be made with intent to defraud creditors; while under the lien law no fraudulent intent need be averred or proved, for the obvious reason that the attachment is no lien until it is levied, while under the other statute, the lien exists from the beginning, and any disposition of the property covered by it tends to defeat such lien.

In *Monday* v. *Elmore,* the statement in the affidavit was that the tenants "positively refuse to pay him the said rent, and is [are] actually disposing of said crops subject to lien;" and it was held sufficient, for there was a statement of a positive fact that the lienors were actually disposing of the property subject to the lien, after refusing to pay the rent, not made on information or belief, but upon affiant's own knowledge. But in *Baum* v. *Bell,* the statement in the affidavit was simply that the tenant had refused to pay the rent, and "that deponent had reason to fear, and does believe, that the said J. J. Bell has disposed of, or is about to dispose of, his crops," basing his belief on the fact that Bell had told him that he had in his pocket money enough to pay the rent, which, however, he did not say was the proceeds

of the sale of crops, but expressed his determination not to pay the rent to deponent unless he was required by law to do so, and then adds : "That in view of the expressed determination of the said J. J. Bell not to pay the said rent lien, he is satisfied that said lienor is about to, and will, dispose of his crops unless prevented by legal process." This affidavit was held to be insufficient, because founded on belief merely, without any fact being stated sufficient to show even *prima facie* that such belief was well founded. Even prior to the amendment of 1885 it was held that the simple statement that the tenant had refused to pay the rent was not sufficient; *Segler* v. *Coward*, 24 S. C., 119, where it was said: "The statute never was designed to operate as an expeditious mode of collecting money, but its manifest purpose was to prevent the lienor from taking any steps to defeat the lien provided for, by placing the property beyond the reach of the lien."

Hence it is essential that the affidavit should contain either some positive statement that the lienor has done some act tending to defeat the lien, which, however, may be made upon information and belief, provided the sources of such information, and facts sufficient to warrant such belief, are also stated ; or some statement that the lienor is about to do some act calculated to defeat the lien, which must necessarily be based upon belief merely, and must therefore be accompanied with a statement of such facts or circumstances as would tend to show at least *prima facie* that the act in question is about to be done. Thus where, as in *Mixson* v. *Holley* (26 S. C., 256), the affidavit contained the positive statement that the lienor "has sold a portion of his crop and * * has refused to pay said sum of one hundred dollars," it was held sufficient, because, as said by the Chief Justice in that case : "The agricultural contract gave Willis & Co. a lien upon the entire crop, and the sale and removal of any portion of it, before payment of the advances, was to that extent weakening it, and lessening the security," and therefore tended necessarily to defeat the lien.

But where, as in the case now under consideration, the statement simply is, the lienor "is about to sell and dispose of said crop subject to said lien, and to defeat the same," unaccompanied with any

fact or circumstance tending even *prima facie* to show that the act alleged is about to be done, it is not sufficient. For to say that a person is *about* to do a given act is nothing more than to express a *belief* that the person *intends* to do such act. One cannot possibly *know* what another *intends* or is *about* to do, unless such intention is evidenced by some act or declaration. Hence, although the statement here that the tenant "is *about* to sell and dispose of said crop," is made in a positive form, yet it must necessarily rest upon *belief* merely, and, under the rule above stated, some facts or circumstance tending to show, at least *prima facie*, that such belief was well founded, must be stated.

Thus if the facts stated in the additional affidavits submitted at the hearing of the motion before the Circuit Judge, that the tenant was converting a portion of his crop to his own use, regardless of the lien, and that a person named had seen him loading his wagon with cotton, and heard him express the intention to carry it off, had appeared in the original affidavit, then doubtless it would have been quite sufficient. But it is well settled, both upon principle and authority, that in considering the question whether the clerk, or other officer, was justified in issuing the warrant, the facts stated in additional affidavits submitted at the hearing of a motion to vacate the warrant cannot be considered (*Segler* v. *Coward*, 24 S. C., 119; *Myers* v. *Whiteheart, Ibid.*, 196), for the very obvious reason that the question being whether the showing made to the clerk or other officer at the time the warrant is applied for is sufficient, such question cannot possibly be affected by facts stated *after* the warrant has been issued. It seems to us, therefore, that the affidavit in this case was insufficient, and that the Circuit Judge erred in ruling otherwise.

Although this would be sufficient to dispose of this appeal, yet as other questions are presented in the record which it may be important to determine, we will proceed to consider them. We are, therefore, next to inquire whether there was any error in holding that the bond was sufficient. Two objections are taken to it. First, that neither principal nor surety was required to justify. Second, that the surety was insolvent. As to the first question, we may say that we know of no law which requires the

parties to such a bond to justify. There certainly is no such requirement in the act of 1885, above referred to, which is the only law that we know of providing for such bond. All that it requires is "sufficient surety," and of that we suppose the officer issuing the warrant is to be the judge—certainly in the first instance—and, upon well settled principles, we will assume that the officer did his duty in this respect.

Counsel for appellant relies upon rule 66 of the Circuit Court as the authority to show that the clerk should have required the surety to justify. But that rule applies only to proceedings in the Circuit Court, and has no application to a proceeding like this, which arises under a special statutory authority conferred upon the clerk, and which might have been conferred upon any other officer, and has, in fact, been delegated to a trial justice in certain cases, who is not even an officer of the Circuit Court. These rules of court were established by the convention of "Justices of the Supreme Court and Judges of the Circuit Courts," under the authority conferred upon them by section 450 of the Code "to regulate the practice *in the Circuit Courts*," and we do not understand that such convention has been invested with any power to prescribe rules for the exercise of any special jurisdiction conferred by statute upon a clerk or trial justice, nor that it has attempted to exercise any.

The second objection is, we think, unavailing. It is true that it is stated in the affidavit of appellant, submitted at the hearing of the motion below, that the surety was and is insolvent; and it is equally true that the Circuit Judge seems to have overlooked that statement, doubtless for the reason that in stating the grounds of the motion to vacate the warrant, this matter was not brought to his attention. But the clerk having accepted the surety, we must assume that he regarded him as "sufficient," and whether the statement in the appellant's affidavit would be sufficient to overthrow such *prima facie* showing, is a question of fact which we cannot undertake to determine.

The next question is, whether there was any necessity to serve appellant with copies of the affidavit and warrant. Here also it is sufficient to say that we know of no law requiring the service of such papers in a proceeding like this. It will be observed that

the act of 1885 does not, as seems to be supposed by counsel for appellant, require that the *practice* in enforcing a lien shall conform to the practice under the attachment law ; but the requirement is, "that *the affidavit* and *statements* to be used to obtain such warrant of seizure shall conform, as nearly as may be, to the practice regulating the issuing of warrants of attachments." The only conformity required is in the affidavit and statements, not in the subsequent proceedings. There is nothing, therefore, in the act which warrants the idea that copies of the affidavit and warrant should be served. There is great force, too, in the view presented by the Circuit Judge, that an attachment is in the nature of a *mesne* process, where copies are usually required to be served, while a warrant to enforce a lien is in the nature of final process, where copies are not usually required to be served.

The only remaining inquiry is, whether the Circuit Judge erred in holding that the warrant was not improvidently issued. This presents a question purely of fact, of which we do not see that we have any jurisdiction in a case like this, as it is manifestly not "a case in chancery."

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the case remanded for such further proceedings as may be necessary to carry out the views herein announced.