## 11186

## GODWIN v. RICHARDSON

### (117 S. E., 202)

ATTACHMENT—ALLEGATIONS THAT DEFENDANT WAS ABOUT TO REMOVE CROSS-TIES WITH INTENT TO DEFRAUD PLAINTIFF INSUFFICIENT BASIS. —Allegations stated to be made on the knowledge of plaintiff that defendant was about to remove certain cross-ties from the county with intent to defraud plaintiff *held* insufficient to sustain an attachment, as plaintiff must allege the facts upon which his belief of such intent is based.

Before WILSON, J., Sumter, August, 1921. Affirmed.

Action by W. J. Godwin against B. W. Richardson. From an order dissolving attachment the plaintiff appeals.

*Mr. J. J. Cantey,* for appellant, cites: *Error to dissolve attachment:* 70 S. C., 505; 80 S. C., 140; 103 S. C., 180; 99 S. C., 108.

*Messrs. Harby, Nash & Hodges,* for respondent, cite: *Requisites of affidavit in attachment:* 105 S. C., 291; 107 S. C., 441; 10 S. C., 467; 24 S. C., 106; 6 S. C., 169. *Giving bond does not affect right to vacate attachment:* 17· S. C., 553.

April 12, 1923.

The opinion of the Court was delivered by Mr. Justice Cothran.

The case shows:

"In the month of January, 1921, upon the verified complaint hereinafter set out and upon a properly executed bond, the appellant herein secured from the Clerk of Court for Clarendon County a warrant of attachment and attached the cross-ties of the respondent as alleged in the complaint. Thereafter the venue of the action was changed to Sumter County, where the action is duly docketed for trial on the merits. In the meantime the respondent moved before Judge John S. Wilson to vacate the attachment upon the grounds hereinafter set out, which motion was granted. Within due and proper time the appellant served due and proper notice of appeal to the Supreme Court of South Carolina.

"Complaint

"(1) That the plaintiff is a resident of Clarendon County, State aforesaid.

"(2) That the defendant is a resident of Sumter County, State aforesaid.

"(3) That some time since the plaintiff and defendant entered into a contract for the purpose of jointly cutting and selling railroad cross-ties, the substance of the contract being that the defendant was to advance the money neces-

sary for the cutting of said cross-ties, and the plaintiff was to perform the manual labor and supervise the cutting and the getting out of said railroad cross-ties, and the plaintiff and the defendant mutually agreed to share the profits in equal proportions resulting from the sale of said cross-ties; that the plaintiff and defendant have jointly cut 4,000 cross-ties, or approximately that amount, upon the terms and conditions as aforesaid, and have sold and shipped some of said cross-ties and made arrangement for selling all of said cross-ties at a net profit to the plaintiff and the defendant in the sum of 30 cents per cross-tie; that all of said cross-ties have been shipped out of Clarendon County, South Carolina, except about 280 cross-ties at Summerton. and about 150 cross-ties at Silver, and about 300 cross-ties at the old depot or Mallard's, Station, near Summerton, County of Clarendon, South Carolina, which said cross-ties the said defendant is about to remove, assign, dispose of, or secrete, with intent to defraud this plaintiff of his commissions as aforesaid on all of the aforesaid 4,000 cross-ties, amounting to the sum of $600.00, which is now justly due and owing unto the plaintiff as commissions on said cross-ties as aforesaid. Wherefore, plaintiff prays and demands:

"First, judgment against the defendant for the sum of $600.00 and the costs of this action.

"Second, that a warrant of attachment be issued and directed to any Sheriff or Constable requiring him to attach and safely keep all the property of the defendant within the County of Clarendon, or so much thereof as may be sufficient to satisfy the plaintiff's demands, together with costs and expenses.

"Third, for such other relief as may be proper.

"J. J. CANTEY,<br>"Counsel for Plaintiff."

"State of South Carolina, County of Clarendon.

"Personally appeared before me W. J. Godwin, the

above-named plaintiff, who says the facts set out in the foregoing complaint are true of his own knowledge.

"W. J. GODWIN.

"Sworn to before me this 18th day of January, 1921.

"W. W. DAVIS, *Notary Public.*"

There is one exception, and it reads:

"In view of the fact that the allegations of the complaint were made upon the knowledge of the appellant, as the verification will show, and not upon information and belief, and in view of the fact that the warrant of attachment was issued in accordance with the laws of this State, the Circuit Judge erred as a matter of law in vacating and dissolving the attachment in this action.

"J. J. CANTEY,

"Attorney for Appellant."

Under this complaint the facts should have been set out. There are some things a man can know and allege of his own knowledge, and there are some things he cannot know of his own knowledge. A man may know that another is a nonresident or a resident. He may know how much is due on a note or open account. He cannot know, of his own knowledge, what another is going to do, or the intent with which an act is done, or will be done. These are matters of inference from facts within affiant's own knowledge. Besides this, the complaint does not profess to know with exactness. The allegation is, "the said defendant is about to remove, assign, dispose of, or secrete." Which? If he knew of his own knowledge, he should have alleged it in his complaint. The simple allegation that one knows what he cannot know does not help. People too frequently confuse confident belief with knowledge. This is a case of confident belief, and the facts upon which the belief was based should have been set forth.

The order appealed from is affirmed.

MESSRS. JUSTICES COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS dissent.

MR. JUSTICE COTHRAN: The identical question is raised in the case of *Sabb v. Richardson,* at this term. For the reasons advanced by Mr. Justice Fraser herein, in connection with the opinion filed by me in the *Sabb Case,* I concur in this opinion.