12235

RICHBOURG v. RAGIN

HIGHWAYS—AUTOMOBILE CAUSING INJURY MAY BE ATTACHED WITHOUT COMPLIANCE WITH GENERAL STATUTE (CIV. CODE 1922, § 5706; CODE CIV. PROC. 1922, § 502).—Under Civ. Code 1922, § 5706, an automobile causing injury or damage while operated negligently or carelessly or in violation of law may be attached, though none of the conditions required by Code Civ. Proc. 1922, § 502, are shown by affidavit.

Before MANN, J., Clarendon, August, 1926.    Affirmed.

Action by Robert Richbourg against Malissa Ragin and one Ford motor vehicle.    From judgment of the Circuit Court on appeal from the Magistrate's Court denying a motion to dissolve attachment, defendant appeals.

*Mr. J. J. Cantey,* for appellant, cites:  *Section 502, Code Civ. Proc. and Section 5706, Code of Laws, must be construed together in order to constitute a valid attachment:* 118 S. C., 46; 124 S. C., 65; 123 S. C., 495.

*Messrs. Dinkins & Stukes,* for respondent, cite:  *Section 5706, Code, Classified:*  118 S. C., 270.

July 11, 1927.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action involves attachment of an automobile.    During the month of August, 1926, Robert Richbourg brought an action in the Magistrate's Court against Malissa Ragin and one Ford motor vehicle for damages to his automobile.

The complaint alleges, in substance, that while the plaintiff's automobile was standing on the right-hand side of the highway, between Manning and Summerton, on or about the 13th day of July, 1926, the defendant's Ford automobile, driven by her son and agent, ran into and collided with the plaintiff's automobile, damaging it in the sum of $95.00; that the said damages were caused by the reckless, careless, unlawful, wanton, and willful manner in which the defendant's son and agent drove, managed, and operated her said Ford automobile, etc.    A lien was claimed upon the defendant's automobile, under Section 5706 of the Code (Vol. 3, 1922), and the automobile was attached.

The affidavit in attachment is as follows:

"Personally appeared Robert Richbourg, who, being duly sworn, says that he is the plaintiff in the foregoing action and the owner of the Ford roadster referred to in the com-

plaint, and that the defendant is the owner of the Ford touring automobile mentioned in the complaint, and that on or about the 13th day of July, 1926, in Clarendon County, S. C., and on the Manning-Summerton highway, the plaintiff stopped his automobile to the right of the center of the road, and while it was there the defendant's automobile, being driven by defendant's son, Hazel Ragin, unlawfully and carelessly and willfully ran into and collided with the said automobile of the deponent as is described in the foregoing complaint and damaged the same and so completely wrecked the same that deponent has been deprived of the use thereof, that these damages done to the deponent and his automobile amount to at least the sum of $95.00, and that deponent claims a lien upon the said motor vehicle of the defendant, as is provided by the statute laws of South Carolina and set out in the complaint in the above-entitled action."

Upon the call of the case for trial the appellant moved to dissolve the attachment upon the following grounds:

"First, that the person sustaining such damages as are provided for in Section 5706 of the Code of Laws shall have a right to attach said motor vehicle in the manner provided by law for attachments in this State, and not otherwise.

. "Second, that there is no allegation in the complaint or the affidavit upon which said attachment is based that the defendant has departed from the State or keeps herself concealed therein with intent to defraud the plaintiff, as provided in Section 502 of the Code of Procedure.

"Third, that there is no allegation in the complaint or the affidavit upon which said attachment is based that the defendant has removed or is about to remove any of her property from the State, or has assigned or disposed of or secreted, or is about to assign, dispose of, or secrete any of her property with intent to defraud the plaintiff, as provided in Section 502 of the Code of Procedure."

The Magistrate refused the motion, the case went to trial, and a verdict was rendered for the plaintiff in the sum of $50.00.

Thereupon the defendant appealed to the Circuit Court upon practically the same grounds as those advanced in the motion to dissolve the attachment. The Circuit Judge sustained the judgment of the Magistrate.

The defendant now appeals to this Court upon exceptions involving practically the same grounds as those contained in the notice of motion to dissolve the attachment and in the appeal from the Magistrate to the Circuit Court.

The issue involved in this appeal is, as stated by the appellant, whether a plaintiff attaching an automobile or motor vehicle under Section 5706 of the Code must comply with one or the other of the disjunctive requirements of Section 502 of the Code of Civil Procedure.

Section 5706, 3 Code 1922, is as follows:

"When a motor vehicle is operated in violation of the provisions of law, or negligently and carelessly, and when any person receives personal injury thereby, or when a buggy or wagon or other property is damaged thereby, the damages done to such person or property shall be and constitute a lien next in priority to the lien for State and County taxes upon such motor vehicle, recoverable in any Court of competent jurisdiction, and the person sustaining such damages shall have a right to attach said motor vehicle in the manner provided by law for attachments in this State: *Provided,* That this section shall not be effective in case the motor vehicle shall have been stolen by the breaking of a building under a secure lock, or when the vehicle is securely locked."

That portion of Section 502 of the Code of Civil Procedure (Vol. 1, 1922) involved in the appeal is as follows:

"The warrant may be issued whenever it shall appear by affidavit that a cause of action exists against such defendant,

specifying the amount of the claim and the grounds thereof, and that the defendant is either a foreign corporation or not a resident of this State, or that the defendant is the master, captain, or agent of any sailing vessel entering any of the ports of this State, and is about to take such vessel out of any port of this State, without paying the pilotage fees provided by law, or that the defendant has departed from the State with intent to defraud his or its creditors, or to avoid service of a summons, or keeps himself concealed therein with the like intent, or that such corporation or person has removed, or is about to remove, any of his or its property from this State, with intent to defraud his or its creditors, or has assigned, disposed of or secreted, or is about to assign, dispose of or secrete, any of his or its property with the like intent, whether such defendant be a resident of this State or not."

Section 502 is one of the several sections of the Code of Civil Procedure which constitute the general law of attachment in this State. Section 500 enumerates certain cases in which the plaintiff may have property attached. Section 502, among other things, specifies the conditions for the issuance of the warrant of attachment. The first condition for the issuance of the warrant is that it shall appear by affidavit that a cause of action exists against the defendant, specifying the amount of the claim and the grounds thereof. The second condition is stated in disjunctive form and is fulfilled, if, from the affidavit, any one of several states of facts shall appear, namely: (a) That the defendant is either a foreign corporation or is not a resident of this State; or (b) that the defendant is a master, captain, or agent of a sailing vessel entering any of the ports of this State, and is about to take such vessel out of any port of this State without paying the pilotage fees provided by law; or (c) that the defendant has departed from the State, with intent to defraud his or its creditors or to avoid service of a sum-

mons, or keeps himself concealed therein with the like intent; or (d) that such corporation or person has removed, or is about to remove, any of his or its property from this State, with intent to defraud his or its creditors, or has assigned, disposed of, or secreted or is about to assign, dispose of, or secrete, any of his or its property with the like intent, whether such defendant be a resident of this State or not.

There is no intimation in this case that the defendant is a foreign corporation or a non-resident or a master of a vessel, etc., and so the only grounds remaining to be considered are those represented by subdivisions (c) and (d) as above set forth, and the defendant has based his exceptions and his argument upon the contention that, in order for a warrant in attachment to issue under Section 5706, the affidavit must show not only the existence of a cause of action against the defendant, but also the existence either of the conditions referred to in subdivision (c) or of those referred to in subdivision (d). In other words, the appellant contends that not only must it appear from the affidavit that the state of facts specified in Section 5706 exists, but that it must also appear from the affidavit, in accordance with Section 502 of the Code of Procedure, that the defendant either has departed from the State or keeps himself concealed therein, etc., or that he has removed or disposed of, or is about to remove or dispose of, some of his property, etc.

We do not agree with this contention. It is to be noted that Section 5706, after defining the circumstances under which a lien is created for certain damages and the nature of the lien, specifically provides that:

"The person sustaining such damages shall have a right to attach said motor vehicle in the manner provided by law for attachments in this State."

Section 5706 creates a new cause in attachment, and the only connection between that section and the sections

of the Code of Civil Procedure relating to attachment is that Section 5706 requires, in attachment made under its provisions, that the same method of attachment be followed as is prescribed in the Code of Civil Procedure. The disjunctive requirements of Section 502 as to the status of acts of the defendant have no application to attachment made under Section 5706.

In the course of modern progress and development the automobile has come to be a common instrumentality of conveyance, but when operated carelessly or recklessly it is, from its nature, a source of grave danger to persons using the highways. Frequently the owners or operators of automobiles are not financially responsible, and the Legislature has thus provided means by which the very instrumentality which causes the injury may at once be attached and held for the payment of the damages accruing from the wrongdoing. To hold with the appellant would not only be contrary to the clear intent of the Legislature in passing the motor vehicle statute, but would almost divest that statute of its force and potency.

The judgment of the Circuit Court is affirmed.

Mr. Chief Justice Watts and Messrs. Justices Cothran, Blease, and Carter concur.