15852

JOHNSON v. HALL ET AL.

(38 S. E. (2d), 708)

Mr. John E. Edens, of Columbia, for Appellant,

June 21, 1946.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous Opinion of the Court.

This action was an attachment proceeding in a court of magistrate for Richland County. Affidavit and bond were filed by appellant on September 20, 1943, whereupon summons was issued against the personal respondent and the defendant automobile. The case was tried before the magistrate without a jury on the 28th of November following and he rendered judgment for plaintiff (now appellant) for one hundred dollars and costs.

At the trial respondents appeared by attorney who moved to dismiss the attachment upon the ground of alleged insufficiency of the warrant and upon adverse ruling and after judgment, respondents prosecuted an appeal to the Court of Common Pleas for Richland County. On September 27, 1945, that court reversed the judgment of the magistrate for the stated reason that the affidavit, quoting, "alleges no facts to show the negligent operation of said automobile, but contains only conclusions of the plaintiff". The cited authority of *Woodworth v. Skeen,* 153 S. C., 362, 150 S. E., 764, was relied upon. Appeal upon an appropriate exception brings up for review the latter order.

The decision on circuit was made without apparent reference to section 551 of the Code of 1942, subsection (1) of which is in part as follows:

"In all cases of attachments in this State the following forms, affidavits, and bond shall be sufficient, to-wit:

State of South Carolina, ........................ } Court of ............ ...

........................ Plaintiff against ........................ Defendant. } Affidavit.

Personally appeared before me ........................ who on oath says:

That ............... is justly and truly indebted to ................ in the sum of ............ ($....) dollars, and that ................ is entitled to an attachment against................... upon the grounds:

..............................................................
..............................................................

Sworn to before me this the .... day of ............... 19.. ........................ ........................

........................ "

The affidavit, attacked for insufficiency, was as follows:

"STATE OF SOUTH CAROLINA,      Court of:

County of Richland.                    Ollie Mefford, Magistrate.

## "Affidavit for Warrant of Attachment

"Lee Johnson, Plaintiff, against Willie Hall and one 1938 Buick Automobile, S. C. License E-7818.

"Personally appeared before me Lee Johnson who on oath says: That Willie Hall and one 1938 Buick Automobile, E-7818 is justly and truly indebted to Lee Johnson in the sum of One Hundred and no/100 ($100.00) Dollars, and that Lee Johnson is entitled to an attachment against Willie

Hall and one 1938 Buick Automobile, license E-7818 upon the grounds:

"That while Hudson Sedan Automobile of the Plaintiff was parked on the 1000 block of Washington Street on September 11, 1943, about 5 P. M. in compliance with the City Ordinances of Columbia, S. C., one 1938 Buick Automobile bearing S. C. License E-7818 and being operated by Dessie Gadsden did in a wilful, reckless, careless and wanton manner run into and damage the Automobile of Plaintiff in the amount of One Hundred dollars ($100.00).

"Sworn to before me this the 13th day of September, 1943.

"Ollie Mefford, Magistrate.

"(Signed) LEE JOHNSON."

*Woodworth v. Skeen, supra,* was tried on circuit in October, 1927; it arose and was decided long before Code section 551 was enacted in 1929. The manifest legislative intent of the latter was to simplify and make uniform the procedure upon attachment. Upon study of the statute and the affidavit in this case, together with the contents of Code Sec. 8972, we think that the lower court erred in failing to hold that the affidavit was in substantial compliance with the present code provisions and was, therefore, sufficient.

Section 8792 is as follows: "When a motor vehicle is operated in violation of the provisions of law, or negligently and carelessly, and when any person receives personal injury thereby, or when a buggy or wagon or other property is damaged thereby, the damages done to such person or property shall be and constitute a lien next in priority to the lien for state and county taxes upon such motor vehicle, recoverable in any court of competent jurisdiction, and the person sustaining such damages shall have a right to attach said motor vehicle in the manner provided by law for attachments in this State. * * *"

The law relating to this statute and the effect of it is found in *Raines v. Poston,* 208 S. C., 349, 38 S. E. (2d), 145, filed May 11, 1946, the prior decisions there

cited, and *Richbourg v. Ragin,* 140 S. C., 250, 138 S. E., 801. Consideration of these authorities and the provisions of Code Sec. 551, *supra,* is conclusive that the purpose of the laws would be defeated by affirmance of the judgment of the lower court.

Negligent and careless operation of a motor vehicle, whereby damage to person or property proximately results, creates a cause of action for attachment because a lien for restitution upon the offending vehicle arises perforce the statute (Sec. 8792). The "ground" necessary to be stated in the form of affidavit prescribed by Sec. 551 need only be a statement of facts within the purview of the cited statute. *Richbourg v. Ragin, supra.* Appellant's affidavit was, therefore, sufficient for it sets forth that his automobile was parked in compliance with the applicable ordinances when run into and damaged by the defendant vehicle which latter was operated "in a wilful, reckless, careless and wanton manner". This, with the reasonable inferences, was a general allegation of negligence and willfulness and sufficient, we think, to meet the requirements of the cited statutes. It follows too closely the language of Sec. 8792 to fairly hold it insufficient.

The appeal is sustained and the judgment of the circuit court is reversed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.