15884

MELTON v. WALKER *ET AL.*
(40 S. E. (2d), 161)

*Mr. M. Martin Davis,* of Charleston, for Appellant,

*Messrs. S. S. Seideman* and *William H. McDaniel,* of Charleston, for Respondents,

November 11, 1946.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous opinion of the Court.

This was an attachment proceeding in The Civil and Criminal Court of Charleston upon an affidavit, in part as follows:

"SECOND: That the Defendant, Thomas Walker and One (1) 1941 Ford Sedan, 1946 S. C. License No. D-7-21, is justly and truly indebted to him, the said James H. Melton, in the sum of One Thousand Dollars ($1,000.00), and that he, the said James H. Melton, is entitled to an attachment against the Defendant One (1) Ford Sedan, 1946 S. C. License No. D-7-21, upon the following grounds, to wit:

"That a cause of action exists in favor of this Deponent against the said Defendant Thomas Walker and One (1)

1941 Ford Sedan, 1946 S. C. License No. D-7-21, in that on the 4th day of May, 1946, at about 1:40 A. M., while this Deponent's Automobile was being driven and operated in a careful and lawful manner along S. C. State Highway No. 52, in the County of Charleston, in the State aforesaid, proceeding North on the Dual Highway near Ten Mile and just South of the Railroad tracks crossing the said Highway, the said Defendant Automobile, while being driven and operated by Defendant's agent, Servant or Employee and proceeding North along the same highway, and while being driven and operated in a careless, negligent, reckless, heedless and wanton manner, with complete and utter disregard of the traffic laws of the State of South Carolina, of the rights of travelers on said Highway No. 52, endeavored without warning to pass Deponent's car on the left causing said Detendant's car to collide into the left rear of Deponent's Car, damaging this Deponent's Automobile in the particulars hereinafter set forth, and that as a result of the careless, reckless, heedless and wanton operation of the Defendant Automobile by said Defendant's Agent, servant or employee the entire right rear of this Deponent's Automobile was crushed, smashed and damaged; and that he has been, and will be deprived of the use of his Automobile, and that he has suffered and will continue to suffer inconvenience and expense as Deponent's Automobile is used in the City of Charleston as a Taxicab; all to his damage in the sum of One Thousand Dollars ($1,000.00)."

The attachment was dissolved by the court upon the ground that the quoted affidavit did not comply with the statutes, in that it did not appear therefrom that a cause of action existed in behalf of the plaintiff against the defendants.

The hearing and decision thereabout were on May 14, 1946. The judge announced his conclusion and wrote his order on defendants' original Notice of Motion. Thereupon counsel for plaintiff gave oral notice of intention to appeal and was informed by the court that such was insufficient

and would have to be in writing. Defendants' counsel immediately prepared a copy of the Order of Dissolution for the Sheriff, upon which the latter released the defendant-automobile and a copy of the order was then served upon plaintiff's counsel. On the next day, May 15, 1946, the latter served written notice of appeal and of motion in the Court of Common Pleas for an order staying the proceeding, pending determination of the appeal, and for an order re-attaching the automobile. The motion was heard by the resident judge of the Court of Common Pleas and refused by formal order dated May 24, 1946. By a similar order dated May 30th the court dismissed the appeal. This statement of the proceedings is a reconcilement of slightly differing versions in the respective briefs of counsel.

The appeal to this court is upon exceptions which raise the points, first, that the Court of Common Pleas erred in refusing a stay of proceedings pending the appeal from the Civil and Criminal Court, and, second, that the appeal should have been sustained for the affidavit upon attachment was sufficient. They will be considered in inverse order.

The second point is undoubtedly well taken. The affidavit whereupon the warrant of attachment was issued was legally sufficient to state a cause of action for attachment and otherwise meet the requirements of the statutes. The recent authority of *Johnson v. Hall* (decided June 21, 1946), 208 S. C., 534, 38 S. E. (2d), 708, need only be cited. The Civil and Criminal Court of Charleston and the Court of Common Pleas erred when they concluded otherwise, and the judgment will have to be reversed in this particular.

The other point, that plaintiff's timely notice of appeal stayed proceedings upon the order of the trial court presents more difficulty. There is no dispute that plaintiff was promptly in time in the service of written notice of appeal and the other proceedings necessary to perfect it.

Sec. 279 of the Code of 1942 provides that in a case such as this (where more than one hundred dollars is sued for)

the practice and procedure of the Court of Common Pleas are applicable and shall be followed in the Civil and Criminal Court. The case is therefore controlled by the general statutes relating to appeals. *Steinberg v. S. C. Power Co.,* 165 S. C., 367, 163 S. E., 881.

Sections *782 et seq.,* of the Code contain the conditions under which an appeal will stay proceedings upon a judgment. The sections preceding No. 792 relate to judgments in various forms of actions, none including that now before us, and the last cited section, No. 792, then provides that in cases not provided for in the preceding sections, notice of appeal shall stay proceedings in the trial court, with presently irrelevant exceptions.

This section of the Code has been construed and applied under various circumstances. In *LeConte v. Irwin,* 23 S. C., 106, opinion by Mr. Justice McIver, it was held applicable to an order confirming a sale in foreclosure proceedings and the following plain language was used by the Court: "The defendant certainly had a right to appeal from such order and obtain the judgment of the tribunal of last resort as to its correctness before any proceedings could be had under it, for until such final judgment was obtained, it could not be known whether there was any valid order of confirmation. The notice of appeal from that order operated as a stay of further proceedings under the provisions of section 356 (now 792) of the Code". Again, in *Elliott v. Pollitzer,* 24 S. C., 81, a majority of the Court including Chief Justice Simpson and Justice McIver, held that further proceedings were stayed by appeal from an order overruling a demurrer to the complaint, citing *LeConte v. Irwin, supra,* and *Hammond v. Railroad,* 15 S. C., 10 (35), which latter held likewise by the same strongly constituted court. These decisions appear to have been before the amendment of this section of the code whereby discretion was vested in the presiding judge to order trial to proceed under specified circumstances after the overruling of a demurrer, despite appeal. The subsequent amendment of the statute, applicable

to the effect of appeal after demurrer overruled, does not, of course, affect the authority of these former decisions with respect to the instant problem.

Similar question arose in *Simonds v. Haithcock,* 26 S. C., 595, in the case of appeal from a return of appraisement in homestead proceedings, with like result; and the court said: "Either party has the right to except to an appraisement. In this case both parties did except below, the appellant in the first appraisement, and the respondent in the second. From the last hearing the respondent appealed, and we think that this appeal operated as a supersedeas to all proceedings below, and thereby stayed the hand of the sheriff until the appeal was disposed of. Code, section 356".

Apparently this court has not heretofore had to solve the precise problem now presented, to wit, whether appeal from an order dissolving an attachment stays proceedings upon the order. In his usual poignant language Mr. Justice Gage stated the question in *Virginia-Carolina Chemical Co. v. Wilkins,* 105 S. C., 209, 89 S. E., 659, but did not decide it because unnecessary, and said: "Whether or not an appeal from an order of dissolution does operate to stay actual dissolution until the appeal is heard need not now be decided, and ought not, for the facts do not make that issue". The facts now before us do make the issue and we think that the code contemplates that the appeal stays dissolution of the attachment until it is decided, dismissed or abandoned. The immediately apparent hardship upon the defendant is not real because he had his remedy for release of the property by the filing of a replevin bond under section 544 of the Code of 1942. Moreover, his rights are protected by the bond given by the plaintiff, pursuant to section 530, in order to procure the attachment. If the law were as the respondent here insists, plaintiff's right of appeal might indeed be a hollow right and his victory a fruitless one, if meanwhile the attached property be released and dissipated.

There are annotations upon the subject in Ann. Cas., 1913-B, 180, L. R. A., 1917-B, 591 and 115 A. L. R., 598,

which present the conflicting views of other courts and it is noted that governing statutes, particularly applicable to the dissolution of attachments, are in the laws of some states, and solution of the problem is not there dependent upon a general stay statute such as our code section 792. But the following is a recent text statement: "Under the statutes in force in most jurisdictions it is held that if a plaintiff against whom judgment has been entered perfects his appeal within a reasonable time, it will preserve the lien of the attachment pending the determination of the case on appeal and will prevent the discharge of the attachment which otherwise would result from a judgment for the defendant". 3 Am. Jur., 201.

If there were doubt of the soundness of the foregoing conclusion, resort could be had to another compelling reason for the same result. The present action is in part one *in rem* against the alleged damage-feasant automobile. *Raines v. Poston,* 208 S. C., 349, 38 S. E. (2d), 145. Dissolution of the attachment by the Civil and Criminal Court in this case was tantamount to release of the *res* from the jurisdiction of the court and plaintiff's appeal must be held to stay such release for otherwise the anomalous result would be a timely and well-taken appeal without a respondent.

The motion for a stay of proceedings was mistakenly, because unnecessarily, made; and the court erred in entertaining it. The proceeding was already stayed by the appeal perforce Sec. 792 of the code. "When it is said that an appeal or writ of error acts as a supersedeas, what is meant is that the proceedings in the court below are suspended in the same manner as if by an order of supersedeas. * * * The general rule is that the effect of a supersedeas or stay is to suspend proceedings and preserve the *status quo* pending the determination of the appeal or proceeding in error. It suspends all further proceedings on the judgment, order, or decree appealed from, or as to any matter embraced therein, and prevents the enforcement thereof in whole or in part pending the appeal". 4 C. J. S., 1108, 1149, 1150.

Both orders appealed from are reversed and the case remanded for further proceedings consistent herewith.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.