### 16121

COCKRELL v. ONE 1946 FORD TUDOR SEDAN BEARING MOTOR NO. A-987856 *ET AL.*
(49 S. E. (2d) 215)

*Mr. Billy C. Coleman,* of Saluda, for Appellants,

*Messrs. Butler B. Hare* and *James B. Hare,* of Saluda, for Respondent,

*Mr. Billy C. Coleman,* of Saluda, for Appellants, in reply,

August 16, 1948.

TAYLOR, J.: This action was an attachment proceeding in the Court of Magistrate for Saluda County, which was commenced February 7, 1948. No complaint was served along with the attachment proceedings, but was filed February 9, 1948. Appellant gave due notice of a motion to dissolve the attachment on the ground that it was irregularly issued in that the affidavit did not allege facts sufficient to show a cause of action against appellant automobile. This motion was heard by the Honorable T. B. Greneker at chambers, March 8, 1948, and as a result thereof filed the following order:

"This is an action by the plaintiff against the defendant John C. Cook and one automobile for damages.

"The defendants, both of them also moved, after proper notice to set aside the attachment on the grounds 'that it

appears upon the face of the affidavit for warrant of attachment that the attachment herein was irregularly issued in that the affidavit does not set forth and allege facts sufficient to show a cause of action against the defendant automobile'.

"Upon a first consideration of this motion, under the decided cases, I was of the opinion that the motion should be granted as the allegations of the affidavit are practically the same as disapproved in *Woodworth v. Skeen,* 153 S. C. 362, 150 S. E. 764. Since the Woodworth decision our Supreme Court has again passed on a similar matter in *Johnson v. Hall et al.,* 208 S. C. 534, 38 S. E. (2d) 708, and in this opinion which reversed the Circuit Court which set aside the attachment, the Court said 'the decision (referring to the circuit court) was made without apparent reference to section 551 of the Code of 1942, subsection one * * *,' and 'The "ground" necessary to be stated in the form of affidavit prescribed by section 551 need only be a statement of facts within the purview of the cited statute'. That statute provides 'When a motor vehicle is operated in violation of law, or negligently and carelessly, and when any person receives personal injury thereby, * * * or other property is damaged thereby * * *', the person sustaining such damage shall have the right to attach. The affidavit in question does contain the words of the statute. I feel therefore that I am bound by this decision and the motion to vacate the attachment is refused. If the defendant has not answered in the in rem proceeding, it is ordered that ten days shall be allowed for this purpose, from the filing of this order."

From this order appellant now comes to this Court upon exceptions which raise one question: whether or not the affidavit made for the purpose of issuing the warrant of attachment is sufficient for the issuance thereof. The affidavit relied upon appears as follows:

"Personally appeared before me Barney Cockrell, Jr., who on oath says: That the defendants above named are justly and truly indebted to him, the said Barney Cockrell, Jr., in the sum of Four Thousand ($4,000.00) Dollars, and that Barney Cockrell, Jr., is entitled to an attachment against the defendant automobile upon the grounds: That the defendant automobile was being operated by the defendant John C. Cook about 5:30 P. M. and the automobile of the plaintiff was being operated at the intersection of highways 178 and 19. That the automobile of the defendant was being operated in an unlawful, careless, negligent and reckless manner and collided with the auto of the plaintiff and all of which was due to the manner in which the automobile of the defendant was being operated. That at the time of the collision, the automobile of the defendant John C. Cook, the defendant automobile, was being operated by the defendant John C. Cook while he was in an intoxicated condition."

This Court recently held in the case of *Johnson v. Hall et al.,* 208 S. C. 534, 38 S. E. (2d) 708, that section 551 of the Code of 1942, subsection one, expressed the manifest legislative intent to simplify and make uniform the procedure upon attachment, that the ground necessary to be stated in the form of affidavit prescribed by this section need only be a statement of facts within the purview of the cited statute. The pertinent part of this statute appears as follows:

In all cases of attachments in this State the following forms, affidavits, and bond shall be sufficient, to-wit:

"State of South Carolina,

_____

_____         Court of _____
       Plaintiff
       against                                Affidavit.

_____
       Defendant.

Personally appeared before me ——————— who on oath says:

That ——————— is justly and truly indebted to ——————— in the sum of ————($———) dollars, and that ——————— is entitled to an attachment against ———————upon the grounds:

———————————

Sworn to before me this the —— day of ——— 19——

———————————                    ———————————„

In *Johnson v. Hall, supra,* the affidavit was held sufficient because it set forth that affiant's automobile was parked in compliance with the applicable ordinances when run into and damaged by the defendant vehicle while it was being operated in a willful, reckless, careless, and wanton manner.

In the case of *Melton v. Walker,* 209 S. C. 330, 40 S. E. (2d) 161, the affidavit was held sufficient in that it stated a cause of action and otherwise met the requirements of the statutes and cites *Johnson v. Hall, supra.*

Reference to the affidavit in the instant case, heretofore reproduced, will show that in form, section 551 of the 1942 Code, subsection one, was substantially followed and sets forth that the defendant automobile was being operated in an unlawful, careless, negligent, and reckless manner and collided with the auto of the plaintiff, all of which was due to the manner in which the automobile of the defendant was being operated, and that at such time the defendant, John C. Cook, the driver of the defendant automobile, was in an intoxicated condition. Appellant earnestly contends that the absence of the date of the collision was fatal. We are unable to agree with this in that the date is not a part of the cause of action. If the collision occurred, as set forth in the affidavit, prior to the issuance of the warrant of attachment, the cause of action existed, and if it was so remote as to warrant the defendant's plead-

ing the statute of limitation, he may do so affirmatively and he is in no wise prejudiced thereby.

The intent of the Legislature in adopting section 551, subsection one, of the 1942 Code of laws for South Carolina was to simplify the procedure in attachment cases, and this Court has so held in *Johnson v. Hall, supra,* and *Melton v. Walker, supra.*

Construing the affidavit in this light and the statutory requirements as set forth in section 551, subsection one, of the 1942 Code, we are of the opinion that the affidavit made for the purpose of issuing a warrant of attachment was legally sufficient and that the opinion of the Circuit Court should be affirmed, and it is so ordered.

BAKER, C.J., and FISHBURNE, STUKES and OXNER, JJ., concur.