16182

KANIA v. ATLAS WIRE & CABLE CO., INC., *ET AL.*

(51 S. E. (2d) 762)

*Mr. John M. Scott,* of Florence, *for Appellant*

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, *for Respondents,*

February 9, 1949.

OXNER, Justice.

This action was brought by Frank W. Kania against Robert Schofield, Jr., and Atlas Wire & Cable Company, Inc., a South Carolina corporation, to recover damages for the alleged fraudulent breach of a contract of employment. A summons and an unverified complaint were served on the defendants on or about March 2, 1948. On March 31, 1948, the Clerk of Court, upon application of plaintiff, issued a warrant of attachment against certain property of the corporate defendant. On April 7, 1948, the Court, upon motion of defendants, dissolved this attachment upon the ground that it was irregularly issued in that the supporting affidavit was insufficient. Two days later the Clerk of Court, on another affidavit of plaintiff, issued a second warrant of attachment against the property of the corporate defendant. On April 26, 1948, on motion of the defendants, the second attachment was also vacated upon the ground that the affidavit upon which it was based was insufficient. There was no appeal from the first order. This appeal is by the plaintiff from the order of April 26, 1948.

In the affidavit upon which the second attachment was issued, the plaintiff, after stating that the defendants were indebted to him in the sum of $20,000.00 on account of the fraudulent breach of a certain contract of employment, alleges:

"That the defendant, The Atlas Wire & Cable Company, Inc., by and through its officer or officers, has offered the plant and facilities of the defendant, the Atlas Wire & Cable Company, Inc., for sale and has made and is endeavoring to assign, sell or dispose of, its assets and thereby liquidate the defendant, the Atlas Wire & Cable Company, Inc., and thereby to defraud the plaintiff of realizing anything from his suit which is now before the court and awaiting trial.

"That if all of the assets of the defendant, Atlas Wire & Cable Company, Inc., are disposed of as it is now endeavoring to do before the suit by the plaintiff against the defendants had been adjudicated, an execution under said judgment would be of no avail as there would be no assets or property on which to levy an execution and the plaintiff will be defrauded by the acts of the defendants from realizing on an execution of judgment."

Among other grounds enumerated in Section 529 of the Code of 1942 upon which the property of a defendant may be attached, it is provided that a warrant of attachment may be issued whenever it shall appear by affidavit that the defendant "has removed, or is about to remove, any of his or its property from this State, with intent to defraud his or its creditors, or has assigned, disposed of or secreted, or is about to assign, dispose of or secrete, any of his or its property with the like intent".

The question for determination is whether the plaintiff's affidavit is sufficient to support an attachment upon the ground above mentioned. In holding that it is not, the learned Circuit Judge said:

"The * * * language (of the affidavit) may indeed be interpreted as alleging an 'intent to defraud' on the part of the corporate defendant; but it is wholly unsupported by any allegations of fact. Certainly the alleged endeavor of the corporate defendant to liquidate its property does not in itself tend to show any intent to defraud whatsoever. Hence the averment of fraud or intent to defraud is in my judgment a mere legal conclusion, insufficient to support the attachment and to bring the case within the terms of Section 529, Code 1942."

The above conclusion is fully sustained by the following decisions: *Myers v. Whiteheart,* 24 S. C. 196; *Sharp v. Palmer,* 31 S. C. 444, 10 S. E. 98; *Virginia-Carolina Chemical Co. v. Wilkins,* 105 S. C. 291, 89 S. E. 659; *Godwin v. Richardson,* 123 S. C. 494, 117 S. E. 202; *Sabb v. Richardson,* 124 S. C. 64, 117 S. E. 200; *Roddey & Co. v. Bell,* 131 S. C. 136, 126 S. E. 427; *Witherspoon Co. w. Bell,* 132 S. C. 303, 128 S. E. 503; *Munn v. Munn et al.,* 146 S. C. 290, 143 S. E. 879.

Appellant contends that the requirements laid down by these decisions were too stringent and that the strict construction therein adopted was modified by Act No. 176 of the Acts of 1929, 36 St. at L., page 201, now Section 551 of the Code of 1942. It is argued that since the enactment of this statute, the trend of our decisions has been more liberal as shown by the following cases: *Johnson v. Hall et al.,* 208 S. C. 534, 38 S. E. (2d) 708; *Melton v. Walker et al.,* 209 S. C. 330, 40 S. E. (2d) 161; *Cockrell v. One 1946 Ford Tudor Sedan,* 213 S. C. 299, 49 S. E. (2d) 215.

The Act of 1929 provides that "In all cases of attachments in this State the following forms, affidavits, and bond shall be sufficient", after which the forms mentioned are set out. The affidavit form, omitting formal parts, is as follows:

"That * * * is justly and truly indebted to * * * in the sum of * * * ($ * * *) Dollars, and that * * *

is entitled to an attachment against ' * * * upon the grounds : * * * "

It will· be observed that the Act does not purport to pre-scribe the manner in which the grounds of attachment shall be stated. After setting forth the forms that may be used in attachment proceedings, it is provided in sub-section 5: "The grounds of attachment shall be only those now pro-vided by law and *may be contested* as now provided by law." (Italics ours.)

While it was stated in *Johnson v. Hall et al., supra* [208 S. C. 534, 38 S. E. (2d) 709], that "the mani-fest legislative intent" of the 1929 Act "was to sim-plify and make uniform the procedure upon attachment", we do not think it was intended that this Act should relieve the plaintiff from stating in his affidavit the facts previously held by this Court as necessary to support an attachment upon the ground involved in this case.

In *Johnson v. Hall et al., supra,* and the other two cases mentioned, the attachment was not issued under Section 529 of the·1942 Code but under the authority of Section 8792, which creates a lien on any motor vehicle for any damages to person or property caused by its negligent operation and gives to the person sustaining such damages a right to at-tach such motor vehicle. It was alleged in the affidavits in-volved in these cases that the offending motor vehicle was negligently operated and negligence could be reasonably in-ferred from the facts stated. These decisions do not control the question before us.

Judgment affirmed.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.