8951

WICHMAN v. FOX *ET AL.*

(82 S. E. 1014.)

ATTACHMENT. FRAUDULENT CONVEYANCES. UNDERTAKING IN ATTACH-
MENT.

1. ATTACHMENT—AFFIDAVIT—SUFFICIENCY—CONVEYANCE WITH INTENT
TO DEFRAUD.—An affidavit which states that the defendants were
indebted to plaintiff as assignee of three overdue notes, that they
had failed to file an answer to a suit thereon within the time allowed
or to give bond to pay any judgment as required by the Judge as a
condition of their answering, that one of the defendants had no prop-
erty, and the other had conveyed a tract of land worth $12,000 to
two of her children for $10, and had no other property except a
house and lot of small value, sufficiently sets out the circumstances
to authorize the issuance of an affidavit on the ground that the
debtors were about to dispose of or had disposed of their property
with intent to defeat or defraud their creditors.

2. ATTACHMENT — BOND — NAME OF PLAINTIFF — TRADE-NAME. — An
attachment bond was properly executed in the individual name of
plaintiff, who was the real party in interest, although he was doing
business under a trade-name different from his individual name.

Before DEVORE, J., Charleston, February, 1913. Appeal
dismissed.

Motion to dissolve a warrant of attachment issued in
action brought by R. H. Wichman, doing business under the
style and trade name of A. Wichman & Son, plaintiff,
against J. R. Fox and S. J. Fox. From an order refusing
motion, the defendants appeal.

The affidavit, upon which the attachment was issued, after
stating facts showing existence of plaintiff's cause of action
against defendants, also stated:

"That a good cause of action exists in favor of deponent
against said defendants in the amount hereinabove specified,

FOOTNOTE.—As to fraudulent sale or conveyance of property as ground
for attachment, see note in 5 A. & E. Ann. Cas. 618; and as to what
intent to defraud will sustain an attachment, see note in 30 L. R. A. 465
to 490.

and that the defendant, J. R. Fox, as deponent is informed and believes, owns no property, real or personal, out of which a judgment could be collected when obtained in this cause. That the defendant, S. J. Fox, owns no visible property, so far as this deponent has been able to ascertain, except the plantation or tract of land in the county and State aforesaid, near Parker's Ferry Cross Roads, known as Battle Field, and containing ten hundred and fifty-six and 87-100 acres, more or less, and except a small lot of land owned by the said S. J. Fox in the village of Adams Run, with a small dwelling house thereon. That the last named lot is not of any considerable value. That the tract of land first above referred to, known as Battle Field, is very valuable, as deponent is informed and believes, being worth not less than ten or twelve thousand dollars. That the said plantation known as Battle Field and the said small lot of land in the village of Adams Run, is the only property owned by the said S. J. Fox or said J. R. Fox, out of which the deponent could collect a judgment when obtained in the above entitled action. * * * That there appears upon the records of the register of mesne conveyance for Charleston county a conveyance purporting to have been executed by the said S. J. Fox to two of her children, dated April, 1912, and purporting to convey unto two of her children the said Battle Field plantation for the consideration of ten dollars, which conveyance deponent believes, and alleges, was assigned and conveyed by S. J. Fox, as aforesaid, to her aforesaid children with intent to defraud her creditors, and especially to defraud this deponent and to fraudulently prevent deponent from collecting the judgment which he will obtain in this cause against her. That deponent is informed and believes that the said defendant, S. J. Fox, is now about to assign and dispose of her other parcel or lot of land in the village of Adams Run, above referred to, with intent to defraud her creditors and to fraudulently prevent deponent from collecting the judgment to be obtained in this cause

against her, deponent having been informed by W. R. Fox, then sheriff of Colleton county, and a brother-in-law of said S. J. Fox, that it was the purpose of the said S. J. Fox to dispose of and assign all her property. That this is an action arising for the recovery of money, as hereinabove set forth, and against the defendant, who has assigned and is about to assign and dispose of her property with intent to defraud creditors, and deponent verily believes that unless he procures an attachment of the property of the said defendant as security for the payment of such judgment as he might obtain in this action, that he will lose his said debt and verily believes that he is entitled to a warrant of attachment for the purpose aforesaid. That the defendants herein failed to put in any answer, demurrer or notice of appearance within twenty days after the personal service of the summons and complaint herein upon them, as required by law, as deponent is informed by his said attorneys, but that before the plaintiff in this cause could secure judgment by default the said defendants made a motion in said cause before his Honor, Judge Prince, on the — day of October, 1912, asking that they be relieved of their default herein and be allowed to answer the said complaint. That as a result of said motion, Judge Prince passed an order permitting the defendants to answer the complaint in the said action upon condition that they first execute and deliver unto the plaintiff a bond, with sufficient surety, in the sum of twenty-five hundred dollars. The condition of the said bond being that they would pay whatever judgment was finally obtained against them in said action. That the said defendants neglected and refused to comply with said order and to put up said bond, and appealed to the Supreme Court from said order of Judge Prince, and deponent verily believes and alleges that their failure and unwillingness to put up the said bond, as required by Judge Prince's order, is evidence of the fact of their fraudulent intent in the premises, and of their desire to prevent the collection of the

judgment which will be obtained by deponent against them in the said action."

The grounds of exceptions and other facts are stated in the opinion.

*Messrs. Logan·& Grace,* for appellants.

*Messrs. Howell & Gruber,* for respondents, submit: *Order is not appealable:* 3 S. C. 417. · *Objection to form of bond not specified in motion papers:* C. C. Rule 57; 73 S. C. 19. *The signature was proper:* 55 S. C. 550.

September 28, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellants state their case as follows:

"This is an appeal from an order of his Honor, Judge J. W. DeVore, refusing to dissolve an attachment issued on the ground that the defendants were about to dispose of, or had disposed of, the property belonging to them with the purpose and intention of defeating or defrauding their creditors, and especially plaintiff. The ground for the motion to dissolve being that no facts or circumstances were stated from which it could be inferred that defendants were acting or had acted as they were charged with doing. There are five exceptions, but these exceptions raise practically two points: First, that the affidavit on which the attachment was issued did not state facts or circumstances sufficient to authorize its issuance, and second, because the undertaking, which was given to secure said attachment, was not properly executed."

The affidavit upon which the attachment issued alleged that the plaintiff was the assignee of three notes of J. R. Fox and S. J. Fox, one due on 1st January, 1911, and there was due thereon four hundred and ninety-seven 20-100 dol-

lars, and no part thereof has been paid; the second note was due on 1st November, 1911, and there was due thereon five hundred and forty-nine 19-100 dollars, no part of which had been paid; the third promissory note due on 1st December, 1911, and there was due thereon five hundred and forty-seven 83-100 dollars. That in April, 1912, the defendant, S. J. Fox, conveyed a tract of land worth ten or twelve thousand dollars to two of her children for ten dollars. That J. R. Fox had no property, and S. J. Fox had no other property except a house and lot of small value. That suit was brought on said notes, and the defendant allowed her time to answer to go by without putting in an answer. That the defendants were allowed to answer on condition that they execute a bond to pay any judgment that should be obtained, and the failure to execute the bond. On these facts the plaintiff asks for an attachment.

It seems that the facts and circumstances were sufficiently set out.

R. H. Wichman was a plaintiff. A. Wichman & Son is a mere trade name. R. H. Witchman is the real plaintiff, as set forth in the caption of the case and in the affidavit. R. H. Wichman, then, is the proper name in which to execute the bond.

The appeal is dismissed.