11687

E. B. RODDEY & CO. v. BELL

(126 S. E., 427)

ATTACHMENT—SELLER'S AFFIDAVIT AGAINST BUYER, INTENDING TO MOVE FROM STATE, HELD INSUFFICIENT.—In seller's action for price, affidavit that buyer was about to move from State and to remove property therefrom, with intent to defraud creditors, and has disposed of, and is about further to dispose of, certain of his property, with intent to defraud his creditors, without stating that he claimed lien on property sold, *held* insufficient to sustain attachment.

Before HENRY, J., Lancaster, June, 1924. Reversed.

Action by E. B. Roddey & Co. against J. F. Bell, Jr., in which warrant of attachment was issued. From order refusing to set aside attachment, plaintiff appeals.

The order of Circuit Judge, referred to in dissenting opinion, follows:

This cause came before me on a motion by defendant to vacate and set aside an attachment, made by the plaintiff, at the time of the main action on an account. The motion to vacate is made on the ground that the affidavit, supporting the warrant of attachment, is insufficient, and was irregularly issued, and other grounds set out in the notice of the motion. I do not think these grounds can be sustained. The affidavit made by the plaintiff supporting the warrant of attachment is in full and clear compliance with the statute, and the attachment was issued in accordance with statutory provisions. The affidavit sets forth that the defendant is about to remove himself and his property to the State of North Carolina, for residence there, with intent to defraud his creditors, and further alleges that the defendant has assigned and disposed of, and is about to further assign and dispose of, certain of his other property, with like intention. These allegations are made on information and belief, and the source from which the information was derived was given. Certainly, these allegations taken together are sufficient to support the warrant. It seems to me that the affidavit of the defendant in support of his motion to vacate strengthens, rather than otherwise, the allegations of the plaintiff's affidavit, and he admits that it was his intention to move to the State of North Carolina, and admits that he had disposed of some of his property, and would have sold more, he says, for the purpose of paying his debts, but there is no evidence that the money derived from such sales was applied to his debts, and, on the other hand, it is clearly shown by the itemized statement of plaintiff's claim against

him that nothing was paid on plaintiff's debt. I do not think that defendant's mere statement in his affidavit that he had no intention of defrauding his creditors is sufficient ground for dismissing this attachment.

It is therefore ordered that the motion to vacate be, and the same hereby is, refused.

Let this order be filed.

*Mr. R. E. Wylie,* for appellant, cites: *Fraudulent intent:* 124 S. C., 64; 21 S. C., 588; 105 S. C., 297; 25 S. C., 466; 107 S. C., 441; 13 S. C., 476; 24 S. C., 202; 10 S. C., 469.

*Messrs. Williams & Stewart,* for respondent, cite: *Fraudulent intent:* Code 1922, Vol. 1, 502, p. 187; 43 S. C., 329; 58 S. C., 398. *Fraud rests upon imputation from facts and circumstances:* 2 R. C. L., 824; 36 S. E., 749. *Circuit Court conclusions as to fact not reviewable:* 21 S. E., 275.

February 12, 1925.

The opinion of the Court was delivered by Mr. Justice Fraser.

The plaintiff brought his action against the defendant on account for goods and merchandise, for the sum of $226.00. He then took out a warrant of attachment upon the following affidavit:

"Personally comes J. F. Moore, who, being first duly sworn, says that E. B. Roddey & Co. is a corporation under the laws of South Carolina, with its principal place of business at Lancaster, in said County and State; that he is president of said corporation; that a cause of action exists against the defendant, J. F. Bell, Jr., in favor of said plaintiff corporation, for the sum of $226.00, on account of goods, wares, and merchandise sold and delivered by the plaintiff to the defendant, and accepted by him, on and between June 5, 1920, and August 4, 1923, at the instance and request of the defendant, and at agreed prices, which aggregate the

above sum, which the said goods were reasonably worth; that the defendant is at present a resident of Lancaster County, said state, and has property therein, but, as deponent is informed and believes, the said defendant is about to remove himself and his property to the State of North Carolina, with intent to defraud his creditors, and, as deponent is further informed and believes, he has disposed of, and is about further to dispose of, certain of his property, with intent to defraud his creditors; that deponent derived this information from J. A. Williams.

"[Signed] J. F. MOORE.
"Sworn to before me this 12th day of December, 1923.
"[Signed] ANNIE V. GREGORY.
"N. P. for S. C."

The appellant moved to set aside the attachment because the affidavit was insufficient. This motion was refused and from the order refusing to set aside the attachment, this appeal is taken. The appeal must be sustained.

In the case of *Virginia-Carolina Chemical Co. v. Wilkins,* 105 S. C., at pages 297, 298; 89 S. E., 659, 661 we find:

"The burden was on the plaintiff, not simply to show the shipment, but to prove by testimony facts and circumstances from which a fraudulent intent is reasonably inferable. The bare allegation of the wicked intent will not support the process of attachment; the intent must be proved by testimony. That is so well settled by numerous decisions that it may be assumed as true.

"The plaintiff's testimony does not nearly prove a fraudulent intent; it only proves that the plaintiff sold to the defendant, a probably insolvent man, a large amount of lumber on a credit, and trusted to the defendant for payment. By the words of the contract the terms were these:

" 'All stock to be paid for as fast as each car is shipped and dressed and reloaded. To commence moving stock on yard to be removed and shipped in about 30 days.' "

"The removal of the lumber out of the State is not a circumstance to be weighed against the defendant; the plaintiff's affidavit upon which the warrant of attachment was issued recites that:

" 'The defendant further agreed to remove and ship the whole of the said lumber within about 30 days subsequent to the date of the execution of the contract.' "

There was no claim by the plaintiff that there was any lien on the property sold. The bare fact that the defendant sold some of his property and did not pay it on the debt is, under the above case, insufficient to sustain the attachment.

The order appealed from is reversed.

MESSRS. JUSTICES WATTS and COTHRAN concur.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE MARION (dissenting) : I concur in the conclusion reached by the Circuit Judge, for the reasons stated in his order refusing to vacate the attachment. Let this order be set out in the report of the case.