## 11788

### J. H. WITHERSPOON COMPANY v. BELL

(128 S. E., 503)

1. ATTACHMENT—GROUNDS FOR DISSOLUTION OF ATTACHMENT STATED.— Attachment may be dissolved because irregularly issued, or for any other irregularity apparent on face of proceedings, or on ground that it was improvidently issued, and the latter ground puts in issue truth of affidavit as to facts.

2. ATTACHMENT—AFFIDAVIT MUST CONTAIN ALLEGATIONS OF FACTS, OR, IF ON INFORMATION AND BELIEF, MUST SHOW SOURCE OF SUCH INFORMATION.—Affidavit in attachment, to withstand attack of irregularity, must contain allegations of facts, or, if made on information and belief, must show source of such information.

3. ATTACHMENT—AFFIDAVIT IN ATTACHMENT HELD INSUFFICIENT.— Affidavit in attachment, alleging "deponent is informed and believes [defendant] is about to remove himself and property [from the State] * * * with intent to defraud his creditors * * * that defendant has assigned and disposed of * * * his personal property with like intent, that deponent derived the information that the defendant is about to remove [from the State], and the information that has sold and is about to sell certain of his property as aforesaid, from the defendant himself," *held* insufficient, under Code Civ. Proc. 1922, § 502; no facts being alleged to show fraudulent intent, and no source of information stated as to such intent.

Before HENRY, J., Lancaster, June, 1924.    Reversed.

Action by the J. H. Witherspoon Company against J. F. Bell, Jr.   From order refusing defendant's motion to dissolve attachment, defendant appeals.

*Mr. R. E. Wylie,* for appellant, cites: *Proof of intention to defraud necessary to support attachment:* 124 S. C., 64; 107 S. C., 441; 105 S. C., 297; 25 S. C., 466; 24 S. C., 202; 21 S. C., 583; 13 S. C., 476; 10 S. C., 469.

*Messrs. Williams & Stewart,* for respondent, cite: *Circuit Court to determine credibility of affiant:* 25 S. C., 275. *Affidavit to obtain attachment:* Code Civ. Proc. 1922, Sec. 502. *Inference of fraud from facts:* 2 R. C. L., 824; 36 S. E., 749.

June 22, 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Appeal from an order of the Circuit Judge, refusing the defendant's motion to dissolve the attachment, made upon the ground that it was irregularly issued.

The affidavit upon which the attachment was issued contains the following allegations, which are claimed by the plaintiff to be sufficient to sustain the attachment:

"That the defendant * * * as deponent is informed and believes, is about to remove himself and his property to the State of North Carolina for residence there, with intent to defraud his creditors; that deponent is informed and believes that defendant has assigned and disposed of, and is about to further assign and dispose of, certain of his personal property with like intent; that deponent derived the information that the defendant is about to remove to the State of North Carolina, and the information that he has sold and is about to further sell certain of his property as aforesaid, from the defendant himself."

An attachment may be dissolved upon either or both of two grounds: (1) That it was irregularly issued, a ground which attacks the legal sufficiency of the affidavit, or is supported by any other irregularity apparent upon the face of the proceedings; (2) that it was improvidently issued, a ground which attacks the truth of the allegations of fact contained in the affidavit, assuming it to be legally sufficient. The first ground raises only issues of law; the second an issue of fact.

The law requires that an affidavit in attachment, in order to withstand the attack of irregularity, must contain an allegation of facts from which the inference sought may be drawn, and, if made upon information and belief, the source of such information.

Conceding the sufficiency of the allegations that the defendant is about to remove his residence to North Carolina, and that he has disposed of certain prop-

erty and is about to dispose of other, both of them are perfectly legal transactions, and are valueless therefore to sustain an attachment without the essential feature that they are done with intent to defraud the creditors of the defendant. As to this feature there is not a single fact alleged. As is said by the Court in the case of *Virginia-Carolina Chem. Co. v. Wilkins,* 105 S. C., 297; 89 S. E., 661:

"The burden was on the plaintiff, not simply to show the shipment, but to prove by testimony facts and circumstances from which a fraudulent intent is reasonably inferable. The bare allegation of the wicked intent will not support the process of attachment; the intent must be proved by testimony."

The quotation appears to be a commingling of the two grounds of irregularity and improvidence; the last part of it is sufficiently clear that the bare allegation of the "wicked intent" is not sufficient. It is in line with numerous cases in this State to the effect that the affidavit must positively state the facts from which the inference of wicked intent may be drawn; or, if stated upon information and belief, the sources of that information. See the cases cited in the note to Section 502, Code of Civ. Proc. 1922.

It is noticeable that in the attempt to give the source of his information, the affiant, properly no doubt, confined it to the removal to North Carolina and to the disposition of property, omitting the essential feature of the wicked intent. As to it, the affidavit contains nothing but the bare allegation of the wicked intent, stated upon information and belief, with no facts sustaining it, and no source of information stated. The case of *Roddey & Co. v. Bell,* 131 S. C., 126 S. E., 427, contains practically the identical affidavit, and is conclusive in favor of the appellant.

The judgment of this Court is that the order appealed from be reversed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. JUSTICE MARION (concurring in result) : I concur upon the ground that this case is ruled by the decision in *Roddey & Co. v. Bell* (S. C.), 126 S. E., 427.

MR. ACTING ASSOCIATE JUSTICE R. O. PURDY (concurring) : I concur for the same reason as stated by Mr. Justice Marion.