12482

MUNN v. MUNN *ET AL.*

(143 S. E., 879)

1. ATTACHMENT—ORDER VACATING ATTACHMENT HELD NOT RES JUDICATA AS TO SUBSEQUENT WARRANT ISSUED ON AFFIDAVIT STATING ADDITIONAL FACTS.—Order vacating attachment *held* not *res judicata* as to second warrant issued on affidavit, stating additional facts for the purpose of supplying defect of statement in the first affidavit, in that facts set out in later affidavit had never been passed on by the Court.

2. ATTACHMENT—AFFIDAVIT, ALLEGING DEFENDANTS WERE ABOUT TO DISPOSE OF CERTAIN MONEY AND WERE USING INSURANCE MONEY WITHOUT EFFORT TO PAY DEBTS, HELD INSUFFICIENT.—Affidavit for attachment, alleging defendants were about to dispose of certain money with intent to defraud their creditors, and stating that they were using money collected on insurance for other purposes

without making any effort to pay any portion of their debts, *held* insufficient to authorize issuance of warrant.

Before DENNIS, J., Darlington, July, 1926. Reversed and attachment vacated.

Action by L. C. Munn against D. C. Munn and another. Order refusing a motion to vacate a warrant of attachment theretofore issued, and defendants appeal.

*Messrs. Miller, Lawson & Stokes,* for appellant, cite: *"Res adjudicata":* Circuit Court Rule 61; 9 C. J., 192; 15 R. C. L., 953; 17 S. C., 40. *Irregular and insufficient warrant:* 131 S. C., 136; 105 S. C., 297; 132 S. C., 304; 124 S. C., 64; 107 S. C., 441.

*Messrs. Willcox & Hardee,* for respondent, cite: *Circuit Court Rule 61 not applicable here. Refusal to vacate second attachment proper:* 71 S. C., 101; 31 S. C., 36; 76 A. S. R., 791; 6 C. J., 171, 172. *"Fraudulent intent":* 31 S. C., 36; Id., 448. *As to sufficiency of warrant of attachment:* 42 S. C., 162; 99 S. C., 105; 103 S. C., 183.

July 9, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

This case involved mainly the law as to attachment. Two warrants of attachment were procured by the plaintiff respondent against certain money of the defendants appellants. The first warrant was issued at the commencement of the action on July 2, 1926, and was vacated on motion of the appellants by his Honor, Circuit Judge Dennis, on July 13, 1926. The second warrant, which was issued on July 9, 1926, was also attacked by the defendants as having been irregularly and improvidently issued. On July 15, 1926, Judge Dennis refused a motion to vacate this last warrant. In this appeal the second attachment is questioned upon two grounds: (1) That the first order vacating the first warrant of attachment was *res judicata* as to

the second warrant; (2) that the affidavit upon which the last warrant was issued was insufficient.

We do not think the first ground can be sustained. The main intent of the second affidavit was only to state additional facts for the purpose of supplying the defect of statement in the first affidavit. The facts set out in the later affidavit had never been passed upon by the Court. We think the governing principle is the same here as that stated in the case of *Duke v. Telegraph Co.,* 71 S. C., 95; 50 S. E., 675.

In that case the Court said:

"The principle deducible from the authorities is that a judgment sustaining a demurrer is a bar to a second action on the same facts; but when the complaint in the second action supplies the allegations that rendered the first complaint demurrable, it is not *res judicata*. The complaint in the case under consideration had that effect."

Under the authority of former decisions of this Court, we think the second ground, upon which the appeal is based, should be sustained. See the following cases: *Virginia-Carolina Chemical Co. v. Wilkins,* 105 S. C., 291; 89 S. E., 659. *Sabb v. Richardson,* 124 S. C., 64; 117 S. E., 200. *Roddey v. Bell,* 131 S. C., 136; 126 S. E., 427. *Witherspoon v. Bell,* 132 S. C., 304; 128 S. E., 503.

The suit here was brought on a promissory note of the defendants for $3,000.00 to Merchants' & Planters' Bank of Lamar, which the plaintiff, as an accommodation indorser, had to pay. The second warrant of attachment was based on plaintiff's affidavit, which, after stating the cause of action, alleged on information and belief that the defendants "are about to assign, dispose of, and secrete" certain money deposited in certain named Darlington banks, "with intent to defraud their creditors, and particularly this deponent." In support of this charge, the affidavit sets forth the insolvency of the defendant, D. C. Munn; unsat-

isfied judgments existing against him of record for a number of years; nonownership by either of the defendants of any real estate; collection by the defendant, D. C. Munn, two months before the execution of the affidavit of certain insurance money amounting to approximately $4,800.00; promise of the defendant, D. C. Munn, to pay the note indorsed by the plaintiff or at least $1,000.00 on the note out of the insurance money; and the subsequent failure and refusal of the defendant, D. C. Munn, to pay the note or any part of it. Some of the matters alleged are stated on information and belief, but in those instances the sources of information are given. The affidavit contains also these further averments:

"That, since the collection of the insurance money mentioned the said D. C. Munn purchased a new Overland sedan automobile, and the said D. C. Munn and his wife, Marie R. Munn, have taken a number of trips to Sumter, Charleston, Columbia, and other cities, using, as deponent is informed and believes, the insurance moneys collected for said trips; that said D. C. Munn and Marie R. Munn, according to deponent's information and belief, are making no effort to pay any portion of their debts with the moneys mentioned and described, and will waste and use all of it and not pay any of their debts, unless the balance of moneys remaining shall be subjected to attachment for the protection of the amount due this deponent."

Two cases are cited in the brief of the respondent to sustain the sufficiency of the affidavit upon which the second warrant of attachment was based; namely, *Guckenheimer v. Libbey,* 42 S. C., 162; 19 S. E., 999, and *Wichman v. Fox,* 99 S. C., 105; 82 S. E., 1014. We cannot agree, however, that these cases sustain the view of the respondent, as we think they are different from the case here in many essential respects. In the *Guckhenheimer case,* there were the allegations of the intention of the defendant to leave the State, and actual shipment of his furniture out of the State,

and conflicting and misleading statements made to his cred-itors concerning his property. In the *Wichman case,* the defendant had conveyed to two of her children a tract of land worth at least $10,000 for the nominal consideration of only $10, and, coupled with this, was the statement made by her brother-in-law that it was defendant's purpose to dis-pose of and assign all of her remaining property. No such circumstances appear in the case at bar. The proceeds of the insurance had not been assigned or pledged in any way to the plaintiff by the defendants. The fact that the defendants used some of this money for other purposes, and did not pay it on the debt due the plaintiff, is not suf-ficient to justify the attachment. In good morals, the de-fendant may have treated his brother pretty badly when he forced him to pay the promissory note, which the plaintiff had indorsed only as an accommodation, and proceeded thereafter to have a good time at the brother's expense, but we do not think the present laws as to attachment are suf-ficient to give the plaintiff the relief he sought.

The judgment of this Court is that the order appealed from be, and the same is hereby, reversed, and the attach-ment be vacated.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER, and CARTER concur.