16342

KAY v. MEADORS *ET AL.*

(58 S. E. (2d) 893)

*Messrs. Bowen & Bryson,* of Greenville, *for Appellants,*

*Mr. Clarence E. Clay,* of Greenville, *for Respondent,*

*Messrs. Bowen & Bryson,* of Greenville, *for Appellant,*

April 17, 1950.

STUKES, Justice.

Appellant presents a single question for decision which sufficiently reflects the facts, as follows:

After an action has been instituted by a plaintiff against a defendant automobile for personal injuries alleged to have resulted from its negligent or willful operation, bond given, attachment dissolved and car released, under the statute, and a voluntary nonsuit taken in said cause, can plaintiff re-attach the said automobile in a subsequent action against the same automobile for the same injuries or for the same cause of action?

Respondent makes another and preliminary issue to the effect that an order refusing to dissolve an attachment is not appealable prior to final judgment in the action, for which is cited *Allen v. Partlow*, 1871, 3 S. C. 417. That case, according to Shepard, has never before been cited in a decision or annotation. On the contrary, this court has frequently entertained and decided appeals from lower court decisions refusing motions to dissolve attachments. See for examples, *Skalowski v. Joe Fisher, Inc., infra,* 152 S. C. 108, 149 S. E. 340, 65 A. L. R. 1427, and, quite recent, *Brigman v. One 1947 Ford,* 213 S. C. 546, 50 S. E. (2d) 688. Apparently the point now made was not pressed in these and many similar cases. Counsel furnishes no authority in addition to the Allen-Partlow decision.

More than ordinary division exists on the question. 2 Am. Jur., 916, Appeal and Error, sec. 113; 5 C. J. S., Appeal and Error, § 1492(5), pages 143, 144; Annotation, Ann. Cas. 1918A, p. 516. Some courts allow appeals only after final judgment, some permit interlocutory appeals (as here), and some require appeal separate from the main or final appeal. North Carolina appears to permit the practice here followed by appellant. *Winder v. Penniman,* 181 N. C. 7, 105 S. E. 884, 13 A. L. R. 364. There are in some other jurisdictions expressly governing statutes.

It is unnecessary that the question be answered generally for the purpose of this appeal. Here the attachment was pursuant to Code sec. 8792, which authorizes such process against damage-feasant motor vehicle, in the nature of an

action *in rem*. See S. C. cases thereunder in 4 South Eastern Digest, Automobiles 250, page 730 *et seq*. Dissolution of the attachment here would therefore be tantamount to release of a defendant (the automobile) from the action. This consideration brings the case within the rule of the leading authority of *National Exch. Bank v. Stelling*, 32 S. C. 102, 10 S. E. 766, 768. There the present Code Sec. 26(d) (1), providing appeal from intermediate orders, etc., involving the merits, was applied, quoting from the opinion: "Here the intermediate decree of Judge Norton, holding that Stelling had been properly made a party, was a vital one to the jurisdiction of the court over * * * Stelling; and he certainly had the right to have the judgment of the court of last resort on the question of whether he was a party before he could determine whether he should answer."

By parity of reasoning, the order in this case refusing dissolution of the attachment and thereby holding the automobile to answer as a defendant in the action was immediately appealable. Respondent's position to the contrary is therefore overruled and the appeal will be considered.

Voluntary nonsuit of respondent in the former attachment action *ipso facto* put an end to that attachment. "Nonsuit of plaintiff will also serve to dissolve the attachment * * *." 7 C. J. S., Attachment, § 268, page 444. To the same effect is 4 Am. Jur. 926, 927. In *Skalowski v. Joe Fisher, Inc., supra,* 152 S. C. 108, 149 S. E. 340, 344, 65 A. L. R. 1427, demurrer to the complaint in attachment action was sustained and the court said with little discussion: "* * * the demurrer should have been sustained and the complaint dismissed, and of course the attachment would fall with the complaint."

These authorities hold the obvious. Nonsuit was the end of respondent's former action and with it went the attachment. But it was not an adjudication of the rights of either party and the resulting situation was the

same as if there had been no former action or attachment, so far as the right to sue again and attach again is concerned. We know of no statute or other rule of law, and none has been cited, whereby voluntary nonsuit in attachment proceedings operates as *res judicata,* which is the substance of appellant's contention. "It is fundamental that a voluntary dismissal or nonsuit brings about the same situation or result as if no suit had been brought." *Allen v. Atlanta & C. A. L. Ry. Co.,* S. C., 57 S. E. (2d) 249, 250.

The order of the trial judge which was approved by this court and adopted as its opinion in *Frick Company, Inc., v. Dieter et al.,* 168 S. C. 289, 167 S. E. 499, 500, which related to attachment, contained the following: "The legal effect of the entry of the voluntary nonsuit was to discontinue and end such action, without prejudice to the right of the plaintiff to renew his action upon the properly prepared complaint." The very point was involved in *Munn v. Munn,* 146 S. C. 290, 143 S. E. 879. A first warrant of attachment was vacated and a second was attacked in part upon the ground that vacation of the first made the matter *res judicata.* The contention was rejected, which must be the result here.

The exception is overruled and the order affirmed.

BAKER, C. J., and FISHBUBNE, TAYLOR and OXNER, JJ., concur.