16442

ALLEN v. SOUTHERN RY. CO. *ET AL.*
(62 S. E. (2d) 507)

Messrs. *P. A. Bonham,* of Greenville, and *Frank G. Tompkins, Jr.,* of Columbia, *for Appellant,*

Mr. *J. Robt. Martin,* of Greenville, *for Respondent,*

December 6, 1950.

LIDE, Acting Associate Justice.

This case comes before us upon the appeal of the defendant Southern Railway Company from the order of Hon. J. Woodrow Lewis, Circuit Judge, dated April 4, 1950, favorable to the plaintiff upon motions relating to the pleadings, but against him with regard to a minor matter of costs, as to which the plaintiff appeals.

A prior case which came to this Court on appeal, relating to the same subject matter, was that of H. C. Allen, as plaintiff, against Atlanta and Charlotte Air Line Railway Company and Southern Railway Company, as defendants, reported in 216 S. C. 188, 57 S. E. (2d) 249, 252. During the course of the trial of that case (hereinafter generally referred to as the *first* case, suit or action) the plaintiff took a nonsuit as to actual damages when the trial Judge, Hon. Joseph R. Moss, directed a verdict against him as to punitive damages. This Court dismissed the appeal of the plaintiff upon the grounds stated in the prevailing opinion, delivered by Mr. Justice Taylor, to the effect "that the action of appellant in taking a voluntary nonsuit terminated and ended his cause of action, and left nothing upon which to appeal, and that an appeal does not lie to this Court from the ruling directing a verdict as to punitive damages, followed by the taking of a voluntary nonsuit as to the cause of action for actual damages."

The questions now before us relate to the right of the same plaintiff, H. C. Allen, to maintain a second suit, "growing out of the same transaction" which was before this Court in the cited case. The "same transaction" may be most briefly stated as the injury to, or destruction of, plaintiff's automobile by reason of a collision between it and a train of Southern Railway Company, as *lessee,* on a track of Atlanta and Charlotte Air Line Railway Company, as *lessor;* such collision having occurred on a public highway crossing at or near Paris Station in Greenville County on December 6, 1947.

The first case came on for trial before Judge Moss and a jury at the January, 1949, term of the Court of Common Pleas for Greenville County; and, stating the matter more in detail, at the close of all the testimony the Presiding Judge announced that he was going to direct a verdict in favor of defendants as to punitive damages, and thereupon counsel for the plaintiff stated that he would take a nonsuit as to actual damages and would appeal to the Supreme Court.

Judge Moss then gave his reasons for his conclusion in regard to punitive damages, and asked plaintiff's counsel if he wished to take a nonsuit, and he replied to the effect that he would take a nonsuit as to actual damages, and his motion for a voluntary nonsuit was granted, *without objection on the part of defendants' counsel.*

The plaintiff in due time appealed to this Court; and the defendants moved to dismiss the appeal (quoting) "substantially upon the grounds that when the plaintiff took a voluntary nonsuit as to actual damages, he (1) completely terminated his cause of action; (2) his action in taking a voluntary nonsuit was premature and improvident, from which an appeal does not lie; and (3) that the ruling of the Court applied only to the quantum of damages and did not affect plaintiff's cause of action or his right to recover actual damages".

Commencing upon this motion this Court said in the prevailing opinion:

"The respondents contend that appellant's action in taking a voluntary nonsuit was premature, improvident and unnecessary, in that his rights would have been preserved and completely protected by submission to the jury of the question of actual damages, and, in the event he recovered actual damages, by appealing to this court from the directed verdict as to punitive damages. With this position we are in accord. *It is fundamental that a voluntary dismissal or nonsuit brings about the same situation or result as if no suit had been brought.*" (Emphasis added.)

It was also pointed out that the only exception before the Supreme Court was that the trial Judge erred in directing a verdict as to punitive damages, and that the nonsuit having been voluntary on the part of the plaintiff, and from which there was no appeal, there was nothing before the Court upon which to rest an appeal. Indeed, it was expressly stated "that the propriety of the Court's ruling as to punitive damages is not before us for consideration"; and the appeal was accordingly dismissed.

Some time after the opinion aforesaid in the first case became effective, the plaintiff, H. C. Allen, the present respondent, instituted the second action, the appeal in which is now before us. The *subject matter* of this action is really identical with that of the first action, although there are some changes in the allegations, which we regard as immaterial here, but to which reference will now be made. The total amount of damages, both actual and punitive, claimed in the first action was $5,000.00, while the total amount thereof claimed in the second action is $10,000.00. The specifications of negligence and willfulness contained in the second case are practically the same as those in the first case, with some additions, mainly by way of elaboration.

There is also some change in the parties defendant in the second action. As already recited, the defendants in the first case were the two railroad companies, having the status of lessor and lessee respectively with regard to the railroad tracks involved; while in the second case the Atlanta and Charlotte Air Line Railway Company was not made a party. The defendants in this action are the Southern Railway Company, described as lessee of Atlanta and Charlotte Air Line Railway Company, and W. R. Anderson, who is described as "agent, foreman, and sectionman" of the Southern Railway Company, with duties relating to the upkeep of the railroad crossings, "among which, the crossing at Paris Station was one".

We think it is apparent that none of these changes is sufficient to affect the essential identity of the two actions, both of which relate to the same subject matter and involve substantially the same questions.

The defendant Southern Railway Company gave due notice of a motion before Judge Lewis, then presiding in the Thirteenth Circuit, to strike out such portions of the complaint in the second action as relate to punitive damages, upon the stated ground "that the issue raised by the said allegations has heretofore been determined adversely" to

the plaintiff in the prior action, and that hence this issue "as to Southern Railway Company is now *res adjudicata* and the law of this case". This defendant also answered, and in its third defense raised the same issue as that raised by the motion just mentioned. The plaintiff then moved to strike out the third defense contained in the answer, on the ground that the same is irrelevant, in that, the doctrine of *res adjudicata* is not applicable.

The defendant Southern Railway Company further moved that the present action, as against it, be suspended, on the ground that in the former action, growing out of the same facts and circumstances, the plaintiff had taken a voluntary nonsuit as to the Southern Railway Company, and that costs to the amount of $52.25, which had been taxed in that suit, had not been paid, as required by rule No. 59 of the Rules of the Circuit Courts.

The order of Judge Lewis, dated April 4, 1950, from which the instant appeal was taken, states clearly the history of the litigation, and sustains the plaintiff with reference to the defense of *res adjudicata*; and accordingly granted plaintiff's motion to strike out the third defense in the answer of the defendant Southern Railway Company, and refused the motion of that defendant to strike out the allegations of the complaint alleging punitive damages. Judge Lewis, however, granted the motion of Southern Railway Company to suspend the present action "unless the costs of the former action are paid within twenty (20) days from the service of this order".

The defendant Southern Railway Company, the appellant herein, filed four exceptions to the order aforesaid; and while there is no initial statement in its brief of the questions involved in this appeal, the following statement is contained in the brief: "In a nut shell the question is reduced to whether or not the order of Judge Joseph R. Moss, directing a verdict for the defendants as to punitive damages, in

the first case, is *res adjudicata,* and hence the law of this case."

There was however no *res adjudicata* (matter adjudicated) in the former case, as will definitely appear by reference to the prevailing opinion of this Court therein, for it was distinctly held that the plaintiff's voluntary nonsuit (allowed by the trial Judge without objection) as to actual damages was, under the existing conditions, equivalent to a complete nonsuit; which brought about the same situation that would have existed if no suit had ever been brought. Manifestly, not only does a voluntary nonsuit terminate the case as a procedural matter; it also wipes the slate clean of all rulings made in the course of the trial resulting in the nonsuit. The rationale of the prevailing opinion in the former appeal is primarily the established rule that while a cause of action for punitive damages (quoting) "may be an independent cause of action, it is nevertheless a dependent cause of action in the aspect of the matter that such damages can only be recovered where there is a verdict for actual damages, in a case of this kind".

Moreover, the case of *Kay v. Meadors,* 216 S. C. 483, 58 S. E. (2d) 893, 895, while not apposite to the precise question before us, is in point as to the general effect of a voluntary nonsuit, for in that case a second attachment suit was instituted against an automobile for personal injuries, although a nonsuit had been taken in a former case and the car released from the first attachment. We quote the following from the opinion:

"Nonsuit was the end of respondent's former action and with it went the attachment. But it was not an adjudication of the rights of either party and the resulting situation was the same as if there had been no former action or attachment, so far as the right to sue again and attach again is concerned. We know of no statute or other rule of law, and none has been cited, whereby voluntary nonsuit in attachment proceedings operates as *res judicata,* which is the

substance of appellant's contention. 'It is fundamental that a voluntary dismissal or nonsuit brings about the same situation or result as if no suit had been brought.' *Allen v. Atlanta & C. A. L. Ry. Co.* [216] S. C. [188], 57 S. E. (2d) 249, 250."

The following, quoted from 27 C. J. S., Dismissal and Nonsuit, § 39, page 197, is an accurate statement of the correct rule:

*"A voluntary dismissal or nonsuit usually leaves the situation as though no suit had ever been brought.*

"Unless defendant has interposed a claim for affirmative relief, a voluntary nonsuit, dismissal, or discontinuance is a final termination of the action, and there remains no cause pending in which a third person may be permitted to intervene, or in which defendant may thereafter file an answer or plea. A dismissal or nonsuit leaves the situation as though no suit had ever been brought."

We also quote this footnote from 27 C. J. S., Dismissal and Nonsuit, § 39, page 197:

"A plaintiff by voluntarily dismissing his suit waives any errors which the court may have committed."

There remains for consideration the exceptions taken by the plaintiff to the order of Judge Lewis with reference to the matter of costs, the same being to to the effect that the instant action is against different parties from the former case, for a different amount, and upon different allegations of delicts. We believe, however, that a mere reading of Circuit Court rule No. 59 is sufficient to show that the exception is not well taken. This rule is as follows:

"Where a party has suffered a nonsuit, or discontinuance, or has otherwise let fall his action, all proceedings in any new action, for the same cause, shall be suspended until all costs and disbursements as may be taxed by the Clerk of such former actions have been paid."

We think the "new action" here is essentially "for the same cause". The difference in the parties and the amounts of damages sought clearly make no substantial change, so far as this matter is concerned; and the additional alleged delicts create no new causes of action, but in the main merely elaborate or enlarge some of the allegations contained in the previous causes of action. Hence Judge Lewis was correct in holding that the Circuit Court rule is applicable here.

Of course the affirmance of the order of the Court below suspending the present action "unless the costs of the former action are paid within twenty (20) days from the service of this order" will mean that payment thereof may be made within twenty (20) days from the filing of the remittitur herein.

Accordingly, all the exceptions are overruled and the order of the Circuit Court is Affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.