THOMAS PARK HOWLE v. TWIN STATES EXPRESS, INC., A CORPORATION.

(Filed 6 May, 1953.)

**1. Actions § 2b: Constitutional Law § 18—**

A nonresident has full right to bring an action in our courts as one of the privileges guaranteed the citizens of the several states by the Federal Constitution. Constitution of the United States, Art. IV, sec. 2.

**2. Courts § 14—**

Actions are transitory when the transaction on which they are based might take place anywhere, and are local when they could not occur except in some particular place.

**3. Courts § 15—**

An action to recover for personal injuries resulting from an accident occurring in another state between plaintiff's car and the truck of a motor freight carrier is a transitory cause which may be instituted here in the county in which the motor carrier maintains its principal place of business, G.S. 1-97, and in such action the *lex loci* governs all matters pertaining to the substance of the cause of action while all matters of procedure are governed by the *lex fori*.

**4. Same: Abatement and Revival § 5½ —**

In an action instituted in South Carolina to recover for personal injuries sustained in an automobile accident occurring in that state, voluntary nonsuit was entered with limited prejudice to plaintiff to renew his action only in the same county of that state. *Held:* In an action instituted in this State the order of limited prejudice refers to a matter of procedure not binding here, and further the order will be interpreted as not extending beyond the territorial limits of the State of South Carolina and as solely relating to change of venue in that State, and therefore the order will not support a plea of abatement in the action instituted here.

**5. Judgments § 33a—**

A voluntary nonsuit is not *res judicata* in a subsequent action brought on the same cause of action.

**6. Judgments § 34—**

A court may not render a judgment which transcends the territorial limits of its authority.

APPEAL by plaintiff from *Sharp, Special Judge,* at 13 October, 1952, Extra Civil Term, of MECKLENBURG.

Civil action to recover damages for personal injuries sustained by plaintiff in an automobile collision on night of 26 July, 1949, just north of the city limits of Florence, South Carolina, as result of alleged actionable negligence of an agent of defendant in the course and scope of his employment.

Plaintiff alleges in his complaint that he is a resident of Montgomery County, Tennessee, and the defendant is a corporation duly organized and

existing under and by virtue of the laws of the State of North Carolina, with its principal office in the city of Charlotte, doing business as motor freight carrier in North and South Carolina. And the attorneys for the parties hereto stipulate that subsequent to the service of summons and complaint on defendant, Twin States Express, Inc., a corporation, and before time for pleading had expired, the Twin States Express, Inc., was duly adjudicated a bankrupt by the United States District Court for the Western District of North Carolina, the court having jurisdiction of the bankruptcy proceeding, and that F. T. Miller, Jr., has been duly appointed Receiver and Trustee in bankruptcy of Twin States Express, Inc., and authorized and ordered by the United States District Court aforesaid to enter appearance in, and to defend this action, and that he has been properly substituted as defendant in this action by order of the Superior Court of Mecklenburg County, North Carolina.

Defendant filed a plea in abatement on the ground that in a former action instituted in the Court of Common Pleas of the County of Florence and State of South Carolina, entitled "Thomas Parke Howle, plaintiff, vs. Ira E. Brown, Twin States Express, Inc., a corporation, and one 1947 Pontiac automobile bearing 1949 S. C. License No. D-88271, defendants," upon the same cause of action, plaintiff was granted the right to take a voluntary nonsuit, with limited prejudice, that is, to renew his action only in Florence County. The order therefor, dated 19 May, 1951, is attached and reference thereto is made. And a copy of the complaint, and a copy of the answer filed in the action in the Court of Common Pleas aforesaid are also attached as exhibits to the plea in abatement. And from the complaint there it appears that plaintiff was then a resident of the city and county of Florence, South Carolina.

In this order of 19 May, 1951, it is recited that "on or about October 7, 1949, the plaintiff commenced an action against the defendants for injuries sustained in an automobile accident occurring on July 26, 1949. At the call of the calendar for the May 1951 Term, plaintiff's counsel moved for a voluntary nonsuit, assigning as reasons therefor that plaintiff had suffered a cerebral hemorrhage, as a result of which he cannot speak, is partially paralyzed, and at the present time is totally incapable of being a witness in his own behalf."

Then, after setting out the contentions of the parties in respect to the motion, and giving a history of the case, it is recited that one of the affidavits filed by defendant contains "the statement that one of plaintiff's counsel several weeks ago stated that plaintiff and his mother, who lives in Darlington County, desired to have a dismissal of the case in this county so as to start the action anew in Darlington County." And the judge finds that "there is no denial of defendant's assertion that the underlying purpose of the voluntary nonsuit is to bring the action in another county."

Then after analyzing, and quoting from decisions of the Supreme Court of South Carolina, this follows: "Motions for nonsuit are addressed to the discretion of the Circuit Judge. The plaintiff, in his condition, cannot attend court in the capacity of witness, only as a silent plaintiff and as an exhibit. In this situation he should not be compelled to proceed with his action against the defendants, nor should he be compelled to take a nonsuit with prejudice. Under his existing physical condition the plaintiff should be permitted to take a voluntary nonsuit with *Limited prejudice,* that is, with the right to renew the action in this jurisdiction, if not barred by the statute of limitations, but without the right to bring the action in another county. Such ruling is in line with his request since he is seeking the nonsuit by reason of his physical condition. If a nonsuit is granted without prejudice and plaintiff brought a new action in a neighboring county it would certainly appear the purpose of the motion was for a change of venue."

And thereupon, the court "ordered that the plaintiff shall have the right, if he so desires, 'to take a voluntary nonsuit' with limited prejudice, that is, to renew his action in this county, if not barred by the statute of limitations, but the taking of such nonsuit shall be without right to institute the action in another county," and "in the event the plaintiff desires to avail himself of this nonsuit, he or his attorneys shall make written entry upon the record indicating that such nonsuit has been taken, otherwise, the case to remain open until it may be disposed of." And "It is further ordered that in the event there is a change in the legal situation of the parties such that plaintiff would be prohibited from reinstituting the action in this county, he may then apply to the court for modification of the terms and conditions."

And defendant set forth in the plea in abatement that since the entry and filing of the order referred to above, there has been written at the bottom of said order a statement by attorneys for the plaintiff therein, Thomas Park Howle, that they "take the nonsuit as provided and set forth in the foregoing order."

When the plea in abatement came on for hearing in Superior Court of Mecklenburg County, North Carolina, the presiding judge, upon admission of counsel in open court that the attorneys for plaintiff who made the entry as last above stated were at the time, and now are attorneys for plaintiff, and had authority to make the entry, and that the order aforesaid has not been modified, and that the cause of action in the instant case is the same cause of action as the cause of action instituted by plaintiff in the Court of Common Pleas of Florence County, South Carolina, made findings of fact in pertinent part following: (1) That the action was instituted in South Carolina, and the order was made, and the attorneys for plaintiff made the entry, all as hereinabove related. (2) That the

cause of action in the South Carolina case is the same as the cause of action in the instant case, and that the plaintiff there is the plaintiff here, and that the defendant there, Twin States Express, Inc., is the defendant here.   (3) That the Court of Common Pleas of the County of Florence, South Carolina, is a court of competent jurisdiction and had jurisdiction of the subject matter involved in and of all the parties to the suit captioned as hereinabove stated, at the time the order of 19 May, 1951, was entered, and that the order has not been modified.

Upon such findings of fact, the presiding judge aforesaid being of opinion, and holding that under the order entered in the South Carolina case, and the entry of nonsuit in accordance therewith by attorneys for the plaintiff, "plaintiff is precluded thereby from instituting, prosecuting or maintaining this action in the Superior Court of Mecklenburg County, North Carolina, and that the plea in abatement of the defendant should be allowed," entered judgment in accordance therewith abating, and dismissing the action.

Plaintiff excepted, and appeals to Supreme Court and assigns error.

*James P. Mozingo. III and Bell, Horn, Bradley & Gebhardt for plaintiff, appellant.*

*Helms & Mulliss, Fred B. Helms, and Wm. H. Bobbitt, Jr., for defendant, appellee.*

WINBORNE, J.   The question presented: Can the North Carolina courts be ousted of jurisdiction of this transitory cause of action between plaintiff, a resident of Tennessee, and defendant, a North Carolina corporation, by an order of the Court of Common Pleas of Florence, South Carolina, entered under the circumstances shown therein, granting to plaintiff the right to take a voluntary nonsuit in an action formerly brought on same cause of action, and then pending in said court, with right to renew the action in Florence County, but without right to bring the action in another county?   Careful consideration of all phases of the question lead this Court to negative answer.

A nonresident has full right to bring an action in our courts.   See *McDonald v. MacArthur*, 154 N.C. 122, 69 S.E. 832, and cases cited. Also *Howard v. Howard*, 200 N.C. 574, 158 S.E. 101; *Steele v. Telegraph Co.*, 206 N.C. 220, 173 S.E. 583; *Ingle v. Cassady*, 208 N.C. 497, 181 S.E. 562; *Alberts v. Alberts*, 217 N.C. 443, 8 S.E. 2d 523.

In the *McDonald case, supra, Clark, C. J.,* writing for the Court, had this to say: "Indeed, Const. U. S., Art. IV, Sec. 2, provides 'The citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States.'   The right to obtain justice by an action in the State courts is one of these privileges.   Cooley Const. Law (7 Ed.)

37. In *Corfield v. Coryell,* 4 Wash. CC 380, cited by Judge Cooley, among such privileges and immunities is recited the right 'to institute and maintain actions of every kind in the courts of the State.' "

In the *Alberts case, supra, Clarkson, J.,* wrote that "Although plaintiff is a nonresident and the action is transitory, the doors of the courts of this State are open to her to determine her rights," citing *Howard v. Howard, supra; Steele v. Telegraph Co., supra; Ingle v. Cassady, supra.*

And in the *Cassady case, supra,* the Court said that "if . . . under the *lex loci,* a transitory cause of action accrues, it may be prosecuted in another jurisdiction unless forbidden by public policy or *lex fori*," citing *Wise v. Hollowell,* 205 N.C. 286, 171 S.E. 82.

Actions are transitory when the transaction on which they are based might take place anywhere, and are local when they could not occur except in some particular place. The distinction being in the nature of the subject of the injury, and not in the means used or the place at which the cause of action arises. Black's Law Dictionary. *Brady v. Brady,* 161 N.C. 324, 77 S.E. 235; see also *Blevens v. Lumber Co.,* 207 N.C. 144, 176 S.E. 262; *Bunting v. Henderson,* 220 N.C. 194, 16 S.E. 2d 836.

Indeed, it is a general rule of law that in actions for personal injury resulting from an accident occurring in another State the laws of the State in which the accident took place governs as to all matters pertaining to the substance of the cause of action, that is, *lex loci,* while matters relating to procedure are governed by the laws of the State wherein the action is brought, that is, *lex fori.* See *Wise v. Hollowell, supra,* and cases cited; also *Steele v. Tel. Co., supra; Ingle v. Cassady, supra; Russ v. R. R.,* 220 N.C. 715, 18 S.E. 2d 130; *Charnock v. Taylor,* 223 N.C. 360, 26 S.E. 2d 911; 148 A.L.R. 1126.

Moreover, in North Carolina, "for the purpose of suing and being sued the principal place of business of domestic corporation is its residence." G.S. 1-79. *Roberson v. Lumber Co.,* 153 N.C. 120, 68 S.E. 1064; *Oil Co. v. Fertilizer Co.,* 204 N.C. 362, 168 S.E. 411; *Trust Co. v. Finch,* 232 N.C. 485, 61 S.E. 2d 377.

And the words "principal place of business," as so used in the statute, G.S. 1-79, are regarded as synonymous with the words "principal office" as used in the statute G.S. 55-2 requiring the location of the principal office in this State to be set forth in the certificate of incorporation by which the corporation is formed. *Roberson v. Lumber Co., supra.*

In the light of these principles, and the provisions of the cited statutes, it is seen that the cause of action involved in the present action arose in the State of South Carolina, and is transitory in character,—it might have happened anywhere. And even though plaintiff is a nonresident of the State of North Carolina, nothing else appearing, the doors of the courts of this State are open to him to sue the defendant on this transi-

tory cause of action in the county in which defendant's place of business is located, that is, Mecklenburg County.

And in this action the laws of the State of South Carolina govern as to all matters pertaining to the substance of the cause of action, that is, *lex loci* governs, but matters relating to procedure are governed by the laws of the State of North Carolina wherein the action is brought, that is, *lex fori* governs.

But this right of plaintiff to sue in North Carolina is challenged by the plea in abatement filed by defendant,—based on the order of 19 May, 1951, entered in the action brought by plaintiff in the Court of Common Pleas of Florence County and State of South Carolina.

What then is the effect of the order of 19 May, 1951? It pertains to procedure, rather than to the substance of the cause of action.

Under the Code Laws of South Carolina, 1952, pertaining to venue the pertinent statute, Sec. 10-303, provides in material part that "the action shall be tried in the county in which the defendant resides at the commencement of the action, subject . . . to the power of the court to change the place of trial in certain cases as provided by law." And while the Supreme Court of South Carolina holds that "the right of a resident defendant to a trial in the county of his residence assured him under Section 422 of the Code of Civil Procedure (1932)," now Section 10-303 of the Code Laws of South Carolina, 1952, "is a substantial right," *Dunbar v. Evins,* 198 S.C. 146, 17 S.E. 2d 37, it is not made a constituent part of any given cause of action. Manifestly the statute pertains to the remedy and procedure, and not to the substance of the cause of action.

And in passing it may be of interest to note that in South Carolina an action against a motor vehicle carrier, licensed under Article 3 of Chapter 58, may be brought in any county through which the motor carrier operates.

Both plaintiff and defendant Ira E. Brown were residents of Florence County, South Carolina, and defendant Twin States Express, a corporation, was engaged in the business of transportation of goods via trucks, and doing business in said county,—as admitted by the pleadings, at the time plaintiff commenced the action in the Court of Common Pleas of that county.

Thus it would seem that Florence County was a proper venue for the action instituted by plaintiff, and at least defendant Brown had substantial right under the statute to a trial therein.

But when the order of 19 May, 1951, permitting plaintiff to take a voluntary nonsuit with limited prejudice, that is, with the right to renew the action "in this jurisdiction," Florence County, is read in connection with the statute, Sec. 10-303, and the charge, as contained in the affidavit to which the court refers, that plaintiff desired a dismissal of the case

in Florence County so as to start the action anew in Darlington County, it is clear that in the clause "without the right to bring an action in another county," the words "another county" were intended to mean another county in South Carolina. The intent is made clear in this sentence: "If a nonsuit is granted without prejudice and plaintiff brought a new action in a neighboring county it would certainly appear the purpose of the motion was for a change of venue." Indeed, a court may not render a judgment which transcends the territorial limits of its authority. 31 Am. Jur. 70, Judgments, Sec. 407. *In re DeFord,* 226 N.C. 189, 37 S.E. 2d 516; *Coble v. Coble,* 229 N.C. 81, 47 S.E. 2d 798.

Hence it will not be assumed that the South Carolina court intended to extend its order beyond the territorial limits of the State.

"Ordinarily a judgment of nonsuit is not a decision on the merits and is not a bar to a second action for the same cause. Nor will such judgment support a plea of *res judicata."* 17 Am. Jur. 96, subject Dismissal and Discontinuance, Sec. 79.

Indeed, in *Starling v. Cotton Mills,* 168 N.C. 229, 84 S.E. 388, the Supreme Court of North Carolina, in opinion by *Clark, C. J.,* declared that "the fact that a nonsuit has been formerly taken is not *res judicata,"* citing cases. See also *Cooper v. Crisco,* 201 N.C. 739, 161 S.E. 310.

True, it appears that in South Carolina there is no statute or court rule governing the question as to when a plaintiff may take a voluntary nonsuit or dismiss or discontinue his action. "The question is said to be controlled wholly by the common law as announced or modified by decisions of the Court." *Parnell v. Powell,* 191 S.C. 159, 3 S.E. 2d 801.

In the *Parnell case, supra,* the Court said: "It is well settled that the plaintiff does not possess the unquestioned right at all times and under all circumstances to voluntarily terminate his action, without prejudice to the bringing of a new action by taking a voluntary nonsuit. His right to do so frequently depends upon the effect that it will have upon the defendant's rights. . . . If the discontinuance or dismissal before trial will not result in legal prejudice to the defendant, a plaintiff ordinarily has a right to discontinue any action commenced by him . . . In such a case, through the control which the court exercises over its order, there is discretion to refuse the discontinuance, but where nothing appears to show prejudice or violation of the rights or interests of the adverse party, the plaintiff may be granted a voluntary nonsuit, conditioned upon such terms and conditions as may be proper to protect the defendant . . . In our opinion the court should exercise its discretion in passing upon such motions, whether made prior to the commencement of the trial or after the trial has been entered upon."

To like effect is the case of *Romanus v. Biggs,* 217 S.C. 77, 59 S.E. 2d 645.

But, on the other hand, the decisions of the Supreme Court of South Carolina are to the effect that a voluntary dismissal or nonsuit brings about the same situation or result as if no suit had been brought. *Allen v. Atlanta & Charlotte Air Line R. Co.,* 216 S.C. 188, 57 S.E. 2d 249, 23 A.L.R. 2d 657; *S. c.,* 218 S.C. 291, 62 S.E. 2d 507. *Kay v. Meadors* (1950), 216 S.C. 483, 58 S.E. 2d 893; *Moore v. Southern Coatings & Chemical Co.* (1952) (S.C.), 71 S.E. 2d 311.

In the second *Allen case, supra,* it is said that "Manifestly, not only does a voluntary nonsuit terminate the case as a procedural matter; it also wipes the slate clean of all rulings made in the course of the trial resulting in the nonsuit."

And in *Kay v. Meadors, supra,* Stukes, J., wrote for the Court: "These authorities hold the obvious. Nonsuit was the end of respondent's former action and with it went the attachment. But it was not an adjudication of the rights of either party and the resulting situation was the same as if there had been no former action or attachment, so far as the right to sue again and attach again is concerned. We know of no statute or other rule of law, and none has been cited, whereby voluntary nonsuit in attachment proceedings operates as *res judicata,* which is the substance of appellant's contention. It is fundamental that a voluntary dismissal or nonsuit brings about the same situation or result as if no suit had been brought," citing *Allen v. Ry. Co., supra.* And the Court, referring to *Munn v. Munn,* 146 S.C. 290, 143 S.E. 879, said: "A first warrant of attachment was vacated, and a second was attacked in part upon the ground that vacation of the first made the matter *res judicata.* The contention was rejected, which must be the result here."

Moreover, in the *Moore case, supra,* in a *per curiam* opinion, the South Carolina Court held: "Having concluded that voluntary nonsuit was properly within the discretion of the trial court, and it having been granted, the situation is as if no action had been brought, which is the general rule, and assignments of intermediate errors will ordinarily not be considered on appeal," citing Annotation 11 A.L.R. 2d 1407, the *Allen cases, supra,* and *Kay v. Meador, supra.*

But be that as it may, the order in question, as we interpret it, was not intended to have, nor does it have the force and effect of precluding plaintiff from prosecuting the present action in this State. Hence the judgment from which the appeal is taken is

Reversed.